FILED
TRACEY M SLAGLE, CLERK

'22 JUL 14 P2:49

SUPERIOR COURT
YAKIMA CO WA

## SUPERIOR COURT OF WASHINGTON FOR YAKIMA COUNTY

MICHAEL SCOTT BRUMBACK, an individual; and GIMME GUNS, a sole proprietorship

Plaintiffs,

vs.

ROBERT W. FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; ROBERT UDELL, in his official capacity as Sheriff for Yakima County, Washington; and JOSEPH A. BRUSIC, in his official capacity as County Prosecutor for Yakima County.

Defendants.

No.    22 2 01 4 46 39

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff, MICHAEL SCOTT BRUMBACK, and Plaintiff GIMME GUNS, by and through their undersigned attorney(s), file this complaint against the above captioned Defendants, pursuant to Revised Code of Washington ("RCW") Chapter 7.40 and applicable court rules, in their official capacities as public servants responsible under Washington law for administering and enforcing the Washington laws and regulations concerning the manufacturing, importation, distribution, sale and/or offering for sale of commonly possessed ammunition magazines characterized, by those who wish to ban such magazines, as "large capacity".

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 1

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301



Plaintiff seeks declaratory and injunctive relief, to wit, that this Court declare that Engrossed State Senate Bill ("ESSB") 5078 and its amendments to RCW Chapter 9.41[1] unlawfully ban the manufacture, importation, distribution, sale, repair and/or offering for sale of ammunition magazines capable of holding over 10 rounds of ammunition because ESSB 5078 violates the Washington Constitution's Article I, Section 24 protecting our right to bear arms in Washington and also violates the Second and Fourteenth Amendments to the US Constitution.

Furthermore, Plaintiffs move this court for an Injunction so that Defendants refrain from enforcing ESSB 5078 and its amendments to Revised Code of Washington Chapter 9.41 that works, since its effective date of July 1, 2022, to violate Plaintiffs' constitutionally-protected right to bear arms as well as those of all eligible adult Washingtonians. In support of this Complaint against Defendants, Plaintiffs allege as follows:

## I.    Introduction

1. At all times mentioned herein, Plaintiff MICHAEL SCOTT BRUMBACK is and was a United States citizen, a resident of Yakima County, Washington, a person never convicted of any crime, and a US Army veteran and citizen fully vested with the full and complete right to bear arms as protected by the Washington and United States Constitutions.

2. Plaintiff Gimme Guns is a sole proprietorship operating legally in Selah, WA. Plaintiff Gimme Guns is a federal firearms license(d) ("FFL") dealer and is legally able to sell ammunition magazines in addition to firearms and firearms accessories. As of July 1, 2022, due to the actions of WA Attorney General Robert "Bob" Ferguson (hereinafter, "Ferguson", WA Governor Jay Inslee, the Democrat controlled WA legislature, and the passage of ESSB 5078 which amended portions of RCW 9.41 so as to ban the sale,

---

[1] While ESSB 5078 has been adopted and has amended RCW 9.41, any reference to ESSB 5078 hereinafter shall contemplate ESSB 5078 or the effective changes to RCW 9.41.

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 2

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

distribution, importation, manufacture and/or repair of ammunition magazines capable of holding over 10 rounds, Plaintiff Gimme Guns can no longer legally sell, repair, manufacture, import and/or distribute such over 10 round magazines, and as a result, is losing business that results in financial harm and an impairment on the right of citizens to have ammunition magazines for their firearms.

3. ESSB 5078[2] prevents Plaintiff Brumback from purchasing ammunition magazines holding over 10 rounds as of July 1, 2022 and thus impairs, and/or infringes upon, his right to keep and/or bear arms under the US and Washington Constitutions.

4. "Just as the First Amendment protects modern forms of communications, and the Fourth Amendment applies to modern forms of search, the Second Amendment extends, *prima facie*, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding. Thus, even though the Second Amendment's definition of arms is fixed according to its historical understanding, **that general definition covers modern instruments that facilitate armed self-defense.**"[3]

5. The United States Supreme Court's phrase "all instruments that constitute bearable arms" includes detachable ammunition magazines over 10 rounds and runs counter to New York Governor Hochul's rant that the 2nd Amendment only pertains to muskets or any other claim by Defendant Ferguson or his staff that the 2nd Amendment does not offer the same protection to "military style weapons."[4] The 2nd Amendment to the US Constitution and/or Article I, Section 24 of the Washington Constitution pertain to, and cover, all ammunition

---

2 More fully described and detailed below.
3 *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 2022 U.S. LEXIS 3055, *1, 29 Fla. L. Weekly Fed. S 440, __ S.Ct. __, 2022 WL 2251305. (Emphasis added.)
4 https://www.wnd.com/2022/06/new-york-governor-ready-go-back-muskets-fight-guns/. See also: ESSB 5078 Hearing February 16, 2022. Available at: https://tvw.org/video/house-civil-rights-judiciary-committee-2022021244/?eventID=2022021244. Last accessed: July 5, 2022.

COMPLAINT FOR IJNUNCTIVE
AND DECLARATORY RELIEF - 3

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

magazines just like the US Constitution's 1st and 4th Amendments, for example, pertain to, and cover, computers and the internet.

6. The primary question underlying this action is whether an illegal impairment or infringement has occurred to Plaintiff(s)' right to bear arms under the WA and/or US Constitutions such that the law in question must be declared invalid and/or unconstitutional and the Defendants charged with enforcing said law are rightfully enjoined.

7. The question herein is not whether Brumback's right to bear arms has been eliminated or whether a piece of his right remains intact such that an impairment or infringement has not occurred; nor is it whether Gimme Guns' right to sell certain magazines has been infringed. Rather, the law, pursuant to the US and WA Constitutions, prohibits an impairment or infringement by the government of Brumback's right to bear arms.

8. "The standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, *the Constitution presumptively protects that conduct*. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command."[5]

9. Ferguson, Inslee and the Democrat-controlled legislature, together with Defendants, cannot legally justify impairing Brumback's right to bear arms via ESSB 5078 since there is nothing historically that would justify such action.

10. ESSB 5078, as signed by Governor Inslee, amended RCW Chapter 9.41 to ban and/or prohibit the manufacture, importation, distribution, repair and sale of firearm magazines

---

5 *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 2022 U.S. LEXIS 3055, *1, 29 Fla. L. Weekly Fed. S 440, ___ S.Ct. ___, 2022 WL 2251305. Emphasis added.

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

that can carry more than 10 rounds of ammunition.  As a result, law-abiding citizens/residents of Washington, such as Plaintiff Brumback, are barred, by the state of Washington, from legally acquiring ammunition magazines over 10 rounds and are thereby deprived from obtaining, and/or transacting for, such magazines for their defense. Similarly, law abiding firearms dealers are prohibited from selling such magazines, impairing the same rights of every Gimme Guns customer seeking to procure the same.

11. ESSB 5078, as signed by Governor Inslee, and taking effect as of July 1, 2022, impairs the right of individual citizens to bear arms in defense of themselves or the state of Washington as mandated[6] by Article I, Section 24[7] of the Washington Constitution.

12. Should this Court not grant Plaintiffs the requested relief, some or all of the Defendants will continue to violate the constitutionally protected rights of not only Plaintiffs, but of all law-abiding citizens in Washington.  This will have the effect of relegating our right to keep and bear arms as a "second class right, subject to an entirely different body of rules" than are guaranteed by the Bill of Rights[8] and/or the Washington Constitution.

13. Criminals are known to ignore laws, and violent criminals who use firearms in their crimes upon good citizens do not generally obey firearms laws.  ESSB 5078 penalizes law-abiding citizens instead and under the guise of crime prevention.  ESSB 5078 will not stop or slow mass shootings, for as sure as day follows night, bad people intent on harming innocent persons with firearms will disregard the law and find ways to hurt good, innocent people.

14. ESSB 5078 prohibits good people from possessing tools necessary to defend themselves

---

6 Article I, Section 29, Constitution Mandatory.  The provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise.
7 Article I, Section 24.  Right to bear arms.  The right of the individual citizen to bear arms in defense of himself, or the state, shall not be impaired, but nothing in this section shall be construed as authorizing individuals or corporations to organize, maintain or employ an armed body of men.
8 *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010).

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

(firearms and accessories).   Criminals ignore laws. Law-abiding are bound by Washington's ban on these magazines over 10 rounds will not stop wicked people from shooting innocent people.

15. Bad actors possess and use firearms fitted with magazines over 10 rounds to commit crimes and kill innocent people because criminals disregard the law.  Law-abiding citizens who obey the law are, in contrast, disadvantaged when limited to magazines holding 10 or fewer rounds.  ESSB 5078 gives criminals an advantage over good people.

16. In 2020, 877 people were killed by a knife or cutting instrument, 415 were killed by "personal weapons" (i.e., hands, feet, etc.) and 318 people were killed by rifles of all types.[9] In 2020, 696,000 people died of heart disease, 602,000 from cancer, 351,000 from COVID, 201,000 from accidents, etc.[10]

17. Good people confronted by bad guys who use guns outfitted with magazines holding over 10 rounds are at greater risk of death or serious physical harm because ESSB 5078 blocked their access to ammunition magazines capable of holding over 10 rounds to at least match the firepower of the criminal elements among us.  This is an impairment of a good person's right to bear arms under Article I, Section 24 of the Washington Constitution.

18. Government in Washington has no legal duty to protect law-abiding citizens.  Government is not, and cannot be, our body guard.  The primary responsibility for self-defense falls, as it always has, on the individual citizen.  This is the primary reasons that the Washington Constitution, Article I, Section 24, mandates that: "the right of the individual citizen to bear arms in defense of himself, or the state, shall not be impaired."

9 https://www.lawenforcementtoday.com/fbi-data-shows-over-2-5x-people-were-killed-by-knives-than-rifles-in-2020/
10 https://www.medicalnewstoday.com/articles/death-statistics-by-cause-2020#causes-of-death-in-the-us

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 6

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

19. Self-defense is the cornerstone of Washington's constitutionally protected right to bear arms in defense of oneself and his/her community.

20. **"The Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense."**[11]

21. Washington state has, for several years, engaged in a disaster scenario training event known as "Cascadia Rising." This Washington state official training event contemplates an approximate 9.0 earthquake event that devastates the most, if not all, of the western seaboard region of Washington state (and beyond) to such a severe degree that critical infrastructure (like roads, bridges, etc.), hospitals, airfields, ports, transportation, fuel, electrical, communications, potable water and/or law enforcement services are massively degraded or wiped out for weeks, months or longer. State and federal officials train for the "Cascadia Rising" event as it is **expected** to occur in the immediate or near future as the Cascadia Subduction Zone ruptures on average every 3-500 years, and the most recent event was in 1700.[12]

22. Washington Governor Jay Inslee and Washington Attorney General Robert "Bob" W. Ferguson are, and have been for several years, aware of the potential for the scenario as described in the preceding paragraph and have been, either individually and/or through their respective staffs, briefed on the potential for extended widespread devastation that would result in severe disruptions to life to such a degree that federal, and possibly foreign, government assets would be brought into the affected region to help alleviate suffering and loss of life as well as rebuild and repair what had been damaged.

---

11 *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 2022 U.S. LEXIS 3055, *1, 29 Fla. L. Weekly Fed. S 440, __ S.Ct. __, 2022 WL 2251305.
12 Washington State 2016 Cascadia Rising Exercise After-action Report, page 4. Available at: https://mil.wa.gov/asset/604b7fa186e5f. Last accessed: July 13, 2022.

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 7

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

23. A component of such a disaster, for which Washington state's government has trained and prepared for years, is the knowledge that in the course of such devastation, that criminal elements within Washington and/or those who may migrate to Washington to prey upon the vulnerable and injured, would probably recognize that law enforcement would either be severely degraded or non-existent so that they, the criminal elements, could prey upon the afflicted citizens, to include imposing their will with the force of arms. This potential for widespread criminal rampaging is understood by the Washington state government responsible for responding to the aforementioned disaster scenario, and others, and dealing with criminal elements operating within the affected region.

24. Law enforcement is presently aware that criminal elements within Washington state often have access to not only semiautomatic weapons, but also fully automatic, military style weapons that are either belt-fed or fitted with ammunition magazines in excess of 10 rounds. Law-abiding citizens are put at risk by these criminal elements.

25. A reason that Washington law enforcement agencies are outfitted with armored vehicles is that they know, and have known for over a decade, at least, that criminal elements likely to operate in Washington are heavily armed to such an extent that law enforcement needs the protections that armored vehicles can afford.

26. Plaintiff Brumback is aware of this need by law enforcement because he served as an armored crewman in the military for about a decade and also worked as a US Army Reserve JAG domestic operations attorney charged with knowing and understanding some of the threats posed by criminals in the US. Brumback was also a Yakima County deputy prosecutor and City of Yakima assistant city attorney who engaged and trained with various Yakima and Washington law enforcement agencies and developed a solid understanding of their tactics and weapons such that the threat level of the criminal element within

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

Washington is real and dangerous.

27. Should a disaster event, which is deemed fairly likely by the Washington state government, occur, and should Washington's citizens be unable to buy or procure ammunition magazines in excess of 10 rounds prior to such a disaster event, law-abiding citizens will be at a distinct disadvantage with respect to stopping criminals who seek to capitalize on the disaster scenario. As a result, law-abiding citizens are thus more likely to suffer injury or death by having their right to access and bear sufficient arms to defend themselves as is guaranteed, at least ostensibly, by the Washington state Constitution in Article I, Section 24, and also as found in the 2nd Amendment to the US Constitution.

28. On June 30, 2022, the United States Supreme Court ("SCOTUS") in *Duncan v. Bonta*[13] vacated the 9th Circuit (en banc) decision in light of the very recent SCOTUS decision in *New York Rifle & Pistol Ass'n v. Bruen*[14] and remanded the matter for further consideration.[15] The *Duncan v. Bonta* case, which is a ammunition magazine ban case that originated in California and wound its way through the 9th Circuit to the SCOTUS, is remanded so that the matter be subject to a legal review consistent with the *New York Rifle & Pistol Ass'n* case.

## II.    JURISDICTION AND VENUE

29. This Court has jurisdiction and venue over Defendants under RCW Chapter 4.28 and per RCW Chapter 4.12.020 because the injury to Plaintiff occurred as the result of "touching the duties of" a public servant exercising or able to exercise his/her authority in Yakima County. Moreover, Defendants Sheriff Udell and Prosecutor Brusic live, and conduct their official business, in Yakima County, Washington. Defendant Washington Attorney

---

13 19 F.4th 1087 (9th Cir. 2021)
14 597 U.S. ___ (2022)
15 https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-1194

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

General Ferguson maintains an office, and conducts legal business in, Yakima, Washington. Defendant Batiste's Washington State Patrol personnel operate extensively throughout the state of Washington and conduct extensive official duties and operations from an office in Yakima County, Washington.

30. All acts and/or harms to Plaintiff Brumback's right to bear arms under the Washington and US Constitution complained of herein occurred in Yakima County, Washington and/or relate to ESSB 5078 signed into law by Governor Jay Inslee on March 23, 2022, which, for all purposes related to the matter at hand, took effect on July 1, 2022.

31. Plaintiff Gimme Guns does business selling and transacting in firearms and firearms accessories in Selah, WA in Yakima County, WA.

### III.    PARTIES

32. Plaintiff Gimme Guns is a licensed Washington state business operating in Selah, Washington at the address of 4 East 10th Avenue, Selah, WA 98942. Gimme Guns is federally licensed (FFL/Federal Firearms Licensee) with/by the United States Bureau of Alcohol, Tobacco and Firearms ("ATF" herein) and is licensed to do business in Selah and Washington. Gimme Guns FFL license number is 9-91-XXX-XX-XX-05394. Plaintiff Gimme Guns would, if not for ESSB 5078's ban on selling, importing, manufacturing, distributing and/or repairing as of July 1, 2022, sell, import, manufacture, distribute and/or repair ammunition magazines capable of holding over 10 rounds.

33. Plaintiff Michael Scott Brumback is a citizen of the United States, a resident of Yakima County, Washington, a 30-year veteran of the US Army, US Army Reserves and Washington Army National Guard, a husband, father and grandfather, a firearms owner who has extensive experience and training, both civilian and military, with a full range of firearms and firearms accessories.

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

34. Defendant Bob Ferguson is sued in his official capacity as Washington State Attorney General. As Attorney General, Ferguson has the authority to assist in the prosecution of crimes, including violations of the challenged ban, and to institute and prosecute actions on behalf of the state that are "necessary in the execution of the duties of any state officer." WASH. REV. CODE § 43.10.030. Ferguson refers to himself as the **"top law enforcement officer for the People of the state of Washington."** [16]

35. Defendant John R. Batiste is sued in his official capacity as the Chief of the Washington State Patrol. As Chief of the State Patrol, Batiste has the power and duty to enforce the law, including the challenged ban, throughout the state. WASH. REV. CODE § 43.43.030.

36. Defendant Robert Udell is sued in his official capacity as Sheriff for Yakima County, Washington. As the Yakima County Sheriff, Sheriff Bob Udell is responsible for arresting and imprisoning "all persons guilty of public offenses" in Yakima County, including individuals or dealers who violate the challenged magazine ban that took effect on July 1, 2022 in Washington state. WASH. REV. CODE § 36.28.010.

37. Defendant Joseph A. Brusic is sued in his official capacity as County Prosecutor for Yakima County. As the Yakima County Prosecutor, Brusic is responsible for "prosecut[ing] all criminal and civil actions" including all violations of the challenged magazine ban that took effect on July 1, 2022 in Washington state, "in which the state or the county may be a party." WASH. REV. CODE § 36.27.020.

## IV.    FACTS AND LAW

38. On March 23, 2022, Governor Jay Inslee signed into law Engrossed Senate Bill 5078

---

16 https://www.atg.wa.gov/news/news-releases/ag-ferguson-proposes-ban-assault-weapons-high-capacity-magazines

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - **11**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

("ESSB 5078"), a law that made it illegal for any person in Washington to "manufacture, import, distribute, sell, or offer for sale any large capacity magazine." *Id.* section 3(1), defined as "an ammunition feeding device with the capacity to accept more than 10 rounds of ammunition, or any conversion kit, part, or combination of parts from which such a device can be assembled." WASH. REV. CODE 9.41.010(36).

39. ESSB 5078 exempts (1) "any ammunition feeding device that has been permanently altered so that it cannot accommodate more than 10 rounds of ammunition," (2) "22 caliber tube ammunition feeding device[s]," and (3) any "tubular magazine that is contained in a lever action-action firearm," thus making commerce in many of the most common magazines in Washington illegal. WASH. REV. CODE. 9.41.010(36)(a)-(c).

40. While law-abiding citizens may not buy, sell, import, distribute, or manufacture these magazines banned by ESSB 5078, these prohibitions don't apply to the armed forces, thus putting them in a more favorable position under the law than good citizens.

41. ESSB 5078 makes it impossible for law-abiding citizens to legally acquire ammunition magazines capable of holding more than 10 rounds of ammunition by making it illegal to sell or buy them in Washington or to bring them in (import) from another state.

42. For all persons who do not submit to the mandates of ESSB 5078 on or after the effective date of July 1, 2022, each violation is a gross misdemeanor punishable by up to 364 days of confinement and a fine up to $5,000.00. WASH REV. CODE 9A.20.021(2).

43. ESSB 5078 characterizes ammunition magazines capable of holding over 10 rounds as high, or "large capacity magazines". This is a concoction of those who know little about firearms but more about politics, but magazines that hold 15, 20 or 30 rounds of ammunition are quite standard and common and are unlikely to be referenced as "large capacity" by firearms owners without political ambitions and knowledge of firearms.

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

44. The number of pistol and rifle ammunition magazines that can hold over 10 rounds of ammunition number from approximately 150 million to 500 million. ESSB 5078's legislative findings and declaration omits reference to the common use and prevalence of magazines able to hold over 10 rounds and makes, unsurprisingly, no mention of the impairments associated with depriving law-abiding citizens of their right to bears in their own defense against criminal, and other, elements obviously armed with weapons fitted with ammunition magazines capable of holding more than 10 rounds. The legislature makes, again unsurprisingly, no mention of the risks of death or serious injuries that law abiding citizens face when armed with a firearm that has a limited capacity ammunition magazine of 10 or fewer rounds when facing criminals or others who seek to do them harm and who are themselves armed with firearms outfitted with ammunition magazines capable of holding more than 10 rounds. The legislature expresses no concern whatsoever for the safety and welfare of law-abiding citizens and those who law-abiding citizens defend through the use of firearms against criminals and other armed bad actors.

45. According to the 2021 National Firearms Survey, 48% of gun owners have owned magazines that hold more than 10 rounds. William English, *2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned* at 22 (May 13, 2022), *available at* https://bit.ly/3yPfoHw. Given the survey's estimate that 81.4 million Americans own firearms, approximately 39 million Americans have owned at least one magazine that holds more than 10 rounds. And that is a conservative estimate since only current gun owners were polled. Those individuals frequently owned more than one such magazine. In fact, Professor English found that American gun owners have owned as many as 269 million handgun magazines that hold over 10 rounds and an

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

additional 273 million rifle magazines over that threshold for a total of 542 million such magazines. *Id.* at 24.

46. As a result of ESSB 5078, and its amendments to RCW Chapter 9.41, as signed into law by WA Governor Jay Inslee and instigated and promoted by WA Attorney General Bob Ferguson, the self-proclaimed "top law enforcement officer for the People in the state of Washington"[17] charged with protecting the rights of citizens (not impairing them), Plaintiff Michael Scott Brumback is, as of July 1, 2022, unable to legally purchase ammunition magazines that hold over 10 rounds, and Plaintiff Gimme Guns, an FFL licensed to sell firearms and firearms accessories, is prohibited from selling, transferring, distributing, importing, manufacturing and/or repairing said magazines.

47. Since July 1, 2022, Plaintiff Brumback has attempted to purchase higher than 10 round capacity magazines at three locations within Yakima County, including from Plaintiff Gimme Guns. It is Plaintiff Brumback's intent to, in the future, purchase ammunition magazines that can hold more than 10 round magazines, and wishes to immediately conduct and finalize such purchase transactions, but is prevented from doing so by ESSB 5078 that bans the sale or distribution of such magazines. Plaintiff Brumback also has ammunition magazines that hold over 10 rounds that need repair, but the law currently prevents such work from being done by Plaintiff Gimme Guns with whom Plaintiff Brumback would engage to repair such magazines.

48. Plaintiff Gimme Guns would sell, repair, manufacture, import, transfer, and/or distribute ammunition magazines capable of holding over 10 rounds since July 1, 2022 if not for ESSB 5078's ban on conducting such business transactions. Plaintiff Gimme Guns has

---

17 [17] https://www.atg.wa.gov/news/news-releases/ag-ferguson-proposes-ban-assault-weapons-high-capacity-magazines and https://www.youtube.com/watch?time_continue=20&v=AWvMX6S580U.

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 14

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1    lost, and will continue to lose, business due to the ban created by ESSB's passage.

2  49. The dangers associated with infringement or impairment of one's 2nd Amendment rights

3    may be stated as follows: "In summary, both Federalists and Antifederalists believed that

4    the main danger to the republic was tyrannical government and the ultimate check on

5    tyrannical government was an armed population." [18]

6

7  50. Founding father James Madison stated: "To these [the standing army] would be opposed

8    a militia amounting to near half a million of citizens with arms in their hands, officered

9    by men chosen from amongst themselves, **fighting for their common liberties**, and

10    united and conducted by government possessing their affections and confidence. It may

11    well be doubted, whether a militia thus circumstanced could ever be conquered by such a

12    proportion of regular troops . ... Besides the advantage of being armed, which Americans

13    possess over the people of almost every other nation, the existence of subordinate

14    governments, to which the people are attached, and by which the militia officers are

15    appointed, forms a barrier against the enterprises of ambition, more insurmountable than

16    any which a simple government of any form can admit of." [19]  Of note, the prize to be

17    protected by our founders was liberty, the very same liberty that our government, under

18    Article I, Section 1 is supposed to "protect and maintain".

19

20  51. As a natural right that belongs to all people, liberty is timeless.  Our Declaration of

21    Independence proves and showcases this truth.  Our own Washington Constitution does

22    too and tells us, explicitly, from our liberties and rights come.

23

24

25  18 Valparaiso University Law Review (1994), "The History of the Second Amendment" by David E. Vandercoy. https://scholar.valpo.edu/cgi/viewcontent.cgi?referer=&httpsredir=1&article=1956&context=vulr at page 1027.

26  19 Valparaiso University Law Review (1994), "The History of the Second Amendment" by David E. Vandercoy. https://scholar.valpo.edu/cgi/viewcontent.cgi?referer=&httpsredir=1&article=1956&context=vulr at pages 1026-

27  1027, quoting THE FEDERALIST No. 46, at 310, 311 (James Madison) (Modem Library ed., 1937). Emphasis added.

28

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

52. Our Washington Constitution's Preamble, since 1889, is crystal clear that our liberties come not from men, but rather are given to us as a gift from God:

**"We, the people of the state of Washington, grateful to the Supreme Ruler of the Universe for our liberties, do ordain this constitution."**

53. Our law is entirely based upon a fundamental factual precept that our liberties, mandated to be protected by government via the Constitution, come from God, not man. For a man to take away (or "impair") what God has given us blasphemes the gift. To deny that our rights and liberties come from God is to reject our Washington Constitution.

54. The right to bear arms protected by Article I, Section 24 of the Washington Constitution is mandatory. Article I, Section 29 provides: **"The provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise."**

55. Defendant Bob Ferguson, using our office of attorney general, has been on a multi-year crusade to impair the liberties and rights Washingtonians enjoy under the Washington Constitution.

56. Ferguson used Washington taxpayer money to support a California ban on ammunition magazines that is winding its way through the courts. Ferguson, using our tax dollars, appeared in the *Duncan v. Bonta* 9th Circuit case[20] to support a ban on high capacity magazines, a virtual exact copy of what he intends for Washington state.

57. Bob Ferguson's position is that banning magazines over 10 rounds is just and proper even though our Washington Constitution clearly prohibits him from taking such as stance give the prohibition contained in Article I, Section 24 that he "shall not" impair our right to bear arms.

---

20 *Duncan v. Bonta*, 19 F.4th 1087, 2021 U.S. App. LEXIS 35256

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

58. Ferguson took an oath to defend our Washington and US Constitutions, not attack them. "I do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution and laws of the state of Washington, and that I will faithfully discharge the duties of the office of Attorney General to the best of my ability." [21]

59. The part of Ferguson's oath of office to "faithfully discharge the duties of his office" is subverted when he exceeds the attorney general's statutory duties in RCW 43.10.030. Ferguson, without legal authority, has used our office of attorney general to promote and pass legislation such as ESSB 5078 and I-1639 that undermines our constitutionally-protected right to bear arms.

60. On September 7, 2016, Ferguson held an official press conference to push anti-gun legislation he helped draft and formulate. This campaign was an attempt to ban assault weapons and "large capacity" ammunition magazines. Ferguson held the press conference in our Washington state government office. The event was published on his official website.[22]

61. Ferguson promised to ban magazines with a capacity over 10 rounds in 2016. Ferguson asserted that he was committed to the legislation until it passed.[23] Ferguson stated at the end of his speech that he would "exert whatever appropriate pressure I can as Attorney General" to pass the legislation. Ferguson did this under the color of law while acting as Attorney General for all Washingtonians, to include gun owners, and while Ferguson was sworn to uphold the Washington and US Constitutions, not undermine them.

---

21 RCW 43.01.020, Oath of office. Emphasis added.
22 https://www.atg.wa.gov/news/news-releases/ag-ferguson-proposes-ban-assault-weapons-high-capacity-magazines
23 https://www.atg.wa.gov/news/news-releases/ag-ferguson-proposes-ban-assault-weapons-high-capacity-magazines

COMPLAINT FOR IJNUNCTIVE
AND DECLARATORY RELIEF - 17

62. On March 14, 2018, coming off the defeat of his previous year's defeat of his "assault weapon" and magazine bans, Ferguson became involved with a citizens' initiative to enact gun control, and in a televised interview with King 5 news,[24] Ferguson said, with respect to involving himself in the initiative that was to become I-1639 and in response to the interviewer's question "do you sense that an initiative is on the horizon," stated, "Look, I'm having conversations with individuals about the possibility of an initiative...." Ferguson continued to use his office of Attorney General to impair the rights of individual citizens to bear arms in defense of themselves or the state.

63. In March of 2018, Ferguson was planning to unveil and support I-1639 in concert with citizen groups. Ferguson was interviewed by National Public Radio ("NPR") in April of 2018 about I-1639, and in that article "*In Unusual Move, Washington Attorney General Endorses Gun-Related Ballot Measure*," it was reported that: "Washington Attorney General Bob Ferguson is breaking with tradition and will endorse a ballot measure dealing with guns. The Democrat told public radio exclusively Monday that he backs a proposed initiative from the Alliance for Gun Responsibility that would raise the purchase age for semi-automatic rifles to 21 and require enhanced background checks—among other provisions."[25] In that interview with NPR, Ferguson doubled down on seeing his personal gun-control agenda become law by using his office to accomplish that task, and said: "I'm deeply committed to this [I-1639] and, in general, to having common sense gun reform laws in our state," Ferguson said. "It's outrageous what we have, it's deeply

---

24
https://www.youtube.com/watch?v=V5TEMNQz4Ck&fbclid=IwAR2aFcnye7z5m8Nf2om9AUAuqRse1X2PtnbpIT7jopMYxhdAJg9a3_mMw0A
25 http://www.nwnewsnetwork.org/post/unusual-move-washington-attorney-general-endorses-gun-related-ballot-measure , Emphasis added.

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

disappointing to me that our state Legislature won't address these issues in a forthright manner, and if that means we have go directly to the people to get these changes, then I'm behind it."[26]

64. The legislature is the voice of the people in government. Ferguson's office of Attorney General is in the executive branch. Ferguson crossed the lines of separate branches of government to invoke legislative action in the executive branch. Separation of powers was not a consideration for Ferguson, as it was also not a consideration for Ferguson in his continued personal crusade to ban or severely restrict ammunition magazines of over 10 rounds that he had been trying to get for several years.

65. Ferguson embarked years ago on a multi-year crusade using his office of attorney general to realize his personal goal of banning "assault weapons" and "high capacity magazines" and then renounces that very same tactic and strategy with respect to the death penalty.

66. Ferguson made official policy statements to the Edmonds Rotary Club on October 2, 2018, where he said independence, impartiality and fairness required that he not have a *personal* stake in political aspects of the death penalty law, particularly while serving in office.[27] "Although we are part of state government, we are *strictly* independent," he explained. "Our job is defending and supporting Washington State laws. Everyone has laws they disagree with, but as professionals we put our personal views aside." Ferguson continued, "For example, I'm personally opposed to the death penalty, but this is irrelevant in upholding the law in our state," he continued. "The people have made it

---

26 http://www.nwnewsnetwork.org/post/unusual-move-washington-attorney-general-endorses-gun-related-ballot-measure
27 https://myedmondsnews.com/2018/10/on-video-state-attorney-general-bob-ferguson-speaks-to-edmonds-rotary-club/?fbclid=IwAR0jzJMCfwcvXAokVcpzeEKKsWS-JKsKUrgMJ3kSC3NLbx314OTBweFZ4Y0

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

clear — they want the death penalty and as AG my personal opposition does not interfere with my enforcement of this law. Think of us as the state's law firm, providing legal advice, council, etc. As such, maintaining this independence is critical."[28]

67. Here is Ferguson's 2021 official website leading up to 2022's passage of ESSB 5078.

"High-capacity magazine limits- SB 5078 / HB 1164

Ferguson is reintroducing legislation to prohibit the sale or possession of high-capacity magazines holding more than 10 rounds. The bill includes exceptions for grandfathered magazines, law enforcement, military personnel and recreational shooting ranges. Nine states already restrict magazine capacity. Multiple federal courts have upheld these public safety bans as constitutional and the U.S. Supreme Court has allowed these decisions to stand. The bill is sponsored by Sen. Marko Liias, D-Lynnwood, and Rep. Javier Valdez, D-Seattle."[29]  So much for "independence."

68. Ferguson used our office of attorney general to push his personal agenda to impair the rights of Washingtonians to bear arms.

69. Ferguson said he was "deeply committed" to banning certain firearms and magazines during his campaign on behalf of I-1639.  Ferguson said he need to remain independent, impartial and hand's off on banning death penalty.  That's what he said in 2018.

---

28 https://myedmondsnews.com/2018/10/attorney-general-ferguson-to-edmonds-rotary-law-not-politics-guides-state-actions/
29 https://www.atg.wa.gov/news/news-releases/ag-ferguson-releases-2021-legislative-agenda-unveils-legislation-require-law

COMPLAINT FOR IJNUNCTIVE
AND DECLARATORY RELIEF - 20

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

70. By 2021, Ferguson's tune on the death penalty had changed and he got all "activist" like he did on I-1639. According to his AG website. "Ferguson's bill proposes that, rather than attempt to 'fix' Washington's broken death penalty system, the Legislature should abolish it altogether. Ferguson's bill again passed the state Senate last session, but failed to pass the House. The bill is sponsored by Sen. Reuven Carlyle, D-Seattle."[30]

71. "'A cardinal rule in dealing with constitutions is that they should receive a consistent and uniform interpretation, so that they shall not be taken to mean one thing at one time and another thing at another time, even though the circumstances may have so changed as to make a different rule seem desirable. In accordance with this principle, a court should not allow the facts of the particular case to influence its decision on a question of constitutional law, nor should a statute be construed as constitutional in some cases and unconstitutional in others involving like circumstances and conditions. Furthermore, constitutions do not change with the varying tides of public opinion and desire. The will of the people therein recorded is the same inflexible law until changed by their own deliberative action; and therefore the courts should never allow a change in public sentiment to influence them in giving a construction to a written constitution not warranted by the intention of its founders.' 6 R. C. L. 46." *Miller v. Tacoma*, 61 Wn.2d 374, 400-401, 378 P.2d 464, 480, 1963 Wash. LEXIS 452, *51-52.

72. When it comes to changing state or federal constitutions, the instructions are, as they say, "in the box." Constitutional change is not designed, nor is it prudent or advisable, to be in the slippery hands of politicians using their office to pursue personal agendas.

---

30 https://www.atg.wa.gov/news/news-releases/ag-ferguson-releases-2021-legislative-agenda-unveils-legislation-require-law

COMPLAINT FOR IJNUNCTIVE
AND DECLARATORY RELIEF - 21

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

Ferguson and his allies seek to bypass the lawful constitution-based process to amend and change our constitutionally-protected right to bear arms.  This must stop now.

73. Ferguson's designs to ban certain firearms and restrict citizens' rights to bear arms via I-1639 resulted in Ferguson admitting that he had a conflict of interest between his personal agenda and official duties when he crossed the line and endorsed I-1639 not as a private citizen, but as attorney general.  Ferguson was forced to recuse himself from his duties as attorney general with respect to the I-1639 effort since his office formulated ballot language, etc.  Ferguson was living large, using our office of attorney general to advance his personal ambitions to impair our right to bear arms.

74. I-1639 was precursor to ESSB 5078 that we deal with in this matter *sub judice*. ESSB 5078 is the culmination of Ferguson's long train of efforts since at least 2016 to ban or severely restrict what he called "large capacity magazines".  Ferguson admitted his support and use of taxpayer funds to push I-1639 created a conflict of interest that forced at least the appearance that he recuse or "wall himself off" his duties.

75. Major news media even reported Ferguson's conflict of interest due to his personal pursuit of anti-gun laws by using our office of attorney general: **"Typically Ferguson doesn't endorse ballot measures because his office writes the ballot title and summary language for initiatives. In this case, Ferguson says he'll wall himself off from that process."**[31]  Accountability of powerful people in high office is a rare bird.

76. RCW 42.52.020, **Activities incompatible with public duties**, reads:

---

31 http://www.nwnewsnetwork.org/post/unusual-move-washington-attorney-general-endorses-gun-related-ballot-measure

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

"No state officer or state employee may have an interest, financial or otherwise, direct or indirect, or engage in a business or transaction or professional activity, or incur an obligation of any nature, that is in conflict with the proper discharge of the state officer's or state employee's official duties."[32]

77. Ferguson is a state officer. He engaged in the campaign to promote and pass I-1639. He wasn't supposed to do that because he holds office as attorney general. His official duties conflicted with his personal actions. He violated RCW 42.52.020 and engaged in activities incompatible with public duties. It is a no-brainer.

78. Ferguson engaged in the same conduct with respect to getting ESSB 5078 passed. This is classic ER 404(b) conduct.

79. Despite this admitted conflict of interest, Attorney General Ferguson forged ahead, ignored the conflict of interest, and appeared as the keynote speaker as attorney general at the election night victory for I-1639. Ferguson promised victory to his supporters in future legal battles to restrict firearms in Washington. "State Attorney General Bob Ferguson, an I-1639 supporter, said he would defend the measure in court if need be." "We'll have a job to do and we'll do it," Ferguson said.[33]

80. Here's a picture of Ferguson speaking, as attorney general, at the I-1639 victory party on election night as the keynote speaker.

---

32 Emphasis added.
33 http://www.thedailyworld.com/northwest/washington-state-voters-pass-ballot-measure-to-further-regulate-guns/

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 23

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301



81. This is not the behavior of an impartial attorney general who defends the rights of all Washingtonians, but rather is clear evidence of bias and a personal agenda of an activist attorney general committed to a crusade that impairs Washingtonians' right to bear arms.

82. Ferguson's anti-gun actions as attorney general from at least 2016 through the I-1639 campaign in 2018 returned with renewed vigor in 2019 to the next item on the agenda, that is, to restrict the sale, importation, manufacture and/or distribution of ammunition magazines over 10 rounds. This too failed, but Ferguson, using the power, authority and clout of our office of attorney general, was undeterred.

83. Ferguson kept pushing his legislative "agenda" to ban and/or limit magazines over 10 rounds into 2021.[34]

---

34 https://www.atg.wa.gov/news/news-releases/ag-ferguson-releases-2021-legislative-agenda-unveils-legislation-require-law

COMPLAINT FOR IJNUNCTIVE
AND DECLARATORY RELIEF - 24

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

84. Ferguson's admitted agenda was finally realized with ESSB 5078. Ferguson pushed this bill through the legislature, and by 2022 it was ready to be passed and signed into law by Governor Inslee. Ferguson's legislative agenda as attorney general was bearing more fruit, and hardly anyone questioned his use of our office to advance his personal agenda to impair the constitutional rights of Washingtonians.

85. Governor Jay Inslee signed ESSB 5078 on March 23, 2022. Due to Ferguson's efforts (and those of his allies), as of July 1, 2022, Washington citizens went from being able to purchase ammunition magazines over 10 rounds to not being able to purchase such magazines. This is, by definition, an impairment, and a direct violation of Ferguson's oath of office.

86. Ferguson is prohibited by the law, and in particular that part of Article I, Section 24 that provides our right to bear arms **"shall not be impaired"**, from committing these acts in support of ESSB 5078 as part of his admitted agenda to ban magazines over 10 rounds despite his sworn oath mandating he support the constitutions, not subvert them.

87. "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with the Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with the Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command."[35]

---

[35] *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 2022 U.S. LEXIS 3055, *1, 29 Fla. L. Weekly Fed. S 440, __ S.Ct. __, 2022 WL 2251305.

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 25

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

88. Ferguson has not, and cannot show a legally foundation to properly and legally ban or severely limit civilian ownership of ammunition magazines with capacities over 10 rounds. All Ferguson can do is say that he doesn't like these magazines and push his personal agenda to ban or limit them despite roughly half a billion such magazines presently in circulation and/or in the hands of US gun owners. Ferguson's legislative efforts are, in addition to being a violation of the spirit of the separation of powers doctrine, inconsistent with our nation's "historical tradition" of citizens owning, possessing and using ammunition magazines holding over 10 rounds, Ferguson ignores the law and simply drives home his personal agenda to ban or limit them. This Court must stop this now.

89. "Separation of powers is a doctrine of constitutional law under which the three branches of government (executive, legislative, and judicial) are kept separate. This is also known as the system of checks and balances, because each branch is given certain powers so as to check and balance the other branches. *Each branch has separate powers, and generally each branch is not allowed to exercise the powers of the other branches*." [36]

90. Ferguson has, over a period of years, repeatedly disregarded the separation of powers doctrine with his constant legislative crusades to impair the rights of Washingtonians to fully exercise their right to bear arms as protected by the Washington Constitution.

91. Plaintiff Brumback owns at least one AR-15 rifle. Plaintiff Brumback has respect and admiration for the US and WA Constitutions and has sought, his entire adult life, to support and defend our constitutions, particularly relative to firearms laws. Brumback knows, through his military experience, his legal education and experience, and his

---

[36] https://www.law.cornell.edu/wex/separation_of_powers

COMPLAINT FOR IJNUNCTIVE
AND DECLARATORY RELIEF - 26

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

civilian experience with firearms, that his INDIVIDUAL right to bear arms is not only for his personal defense, but also for defense of the state of Washington.

92. Brumback seeks to purchase ammunition magazines that hold more than 10 rounds for his AR-15.  Plaintiff Brumback is, as of July 1, 2022, prevented from purchasing such magazines because ESSB 5078, amending statutory law, has the effect of amending Article I, Section 24 of the Washington Constitution and impairs Plaintiff Brumback's individual right to bear arms in defense of himself or the state.  ESSB 5078's purported statutory amendment of the Washington Constitution, as signed by Governor Inslee, as pushed by Ferguson as part of his personal agenda to impair the right to bear arms of all Washingtonians, and as legislation passed by the House and Senate in the Washington legislature, is unlawful and must be enjoined and declared null and void.

93. Plaintiff Brumback intends, at various times in the future, to buy ammunition magazines capable of holding more than 10 rounds for his AR-15 and other rifles and handguns.

94. As a soldier, Plaintiff Brumback had years of experience using, maintaining and/or training others in the use of a wide variety of firearms and their accessories.  As a commissioned JAG officer, Plaintiff Brumback served as a "domestic operations" attorney with the United States Northern Command (USNORTHCOM) headquartered at Petersen AFB, CO. Brumback's duties entailed in depth constitutional analysis and rendering of advice to soldiers and commissioned officers and commanders, to include general officers. Brumback rendered legal advice relative to the constitutional implications of firearms regulations and law at the state and federal level, to include operations in Washington state.

95. Plaintiff Brumback has "built" and/or modified his own firearms.  Some of Plaintiff Brumback's firearms are semiautomatic and can be fitted with detachable ammunition

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

magazines, to include magazines that are capable of holding more than 10 rounds.  It is Plaintiff Brumback's absolute desire to purchase and possess ammunition magazines for his firearms that hold more than 10 rounds of ammunition because he is an American and wishes to exercise his right to bear arms.

96. Likewise, Plaintiff Gimme Guns is prohibited from selling otherwise legal firearms accessories (i.e., "high capacity" magazines), which Gimme Guns consistently stocks and sells.

## V.     COUNT ONE: VIOLATION OF PLAINTIFF BRUMBACK'S RIGHTS SECURED BY THE SECOND AMENDMENT THE UNITED STATES CONSITUTION AND WASHINGTON CONSTITUTION'S ARTICLE I, SECTION 24.

97. "The job of judges is not to resolve historical questions in the abstract; it is to resolve legal questions presented in particular cases or controversies. That legal inquiry is a refined subset of a broader historical inquiry, and it relies on various evidentiary principles and default rules to resolve uncertainties. For example, in the adversarial system of adjudication, courts follow the principle of party presentation. Courts are thus entitled to decide a case based on the historical record compiled by the parties."[37]

98. The Second Amendment to the United States Constitution provides: "**A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.**"   This  constitutional guarantee is incorporated against the states through the Fourteenth Amendment. *McDonald*, 561 U.S. at 791; *id.* at 806 (Thomas, J., concurring in the judgment.).  The

---

[37] *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 2022 U.S. LEXIS 3055, *1, 29 Fla. L. Weekly Fed. S 440, __ S.Ct. __, 2022 WL 2251305.

COMPLAINT FOR IJNUNCTIVE
AND DECLARATORY RELIEF - **28**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

Supreme Court has held that the right to keep and bear arms is a fundamental right. *Dist. Of Columbia v. Heller*, 554 U.S. 570, 581 (2008).

99.   Article I, Section 24 of the Washington Constitution provides: **"the right of the individual citizen to bear arms in defense of himself, or the state, shall not be impaired ....."** There is no better or vital constitutionally-protected right to bear arms than the right to bear arms as protected by the Washington Constitution.

100.   "Impair" means to "weaken, to make worse, to **lessen in power**, diminish, or relax, or otherwise affect in an injurious manner." *Black's Law Dictionary*, 5th Edition. Emphasis added.

101.   "The *Heller* test requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding. For instance, when a challenged regulation addresses a general societal problem that has persisted since the 18th century, the lack of a distinctly similar historical regulation addressing that problem is relevant evidence that the challenged regulation is inconsistent with the Second Amendment. Likewise, if earlier generations addressed the societal problem, but did so through materially different means, that also could be evidence that a modern regulation is unconstitutional. And if some jurisdictions actually attempted to enact analogous regulations during this timeframe, but those proposals were rejected on constitutional grounds, that rejection surely would provide some probative evidence of unconstitutionality." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 2022 U.S. LEXIS 3055, *1, 29 Fla. L. Weekly Fed. S 440, __ S.Ct. __, 2022 WL 2251305.

102.   Ferguson and the rest of the Defendants who insist on impairing the right to bear

COMPLAINT FOR IJNUNCTIVE
AND DECLARATORY RELIEF - **29**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

arms of Washingtonians need to show the historical bans or severe limitations on magazine capacity to have a chance of prevailing in accordance with the *Heller* test.

103.    ESSB 5078, as of the effective date of July1, 2022 banning the sale, importation, manufacture, and/or distribution of ammunition magazines capable of holding more than 10 rounds, thereby reduced, weakened and/or lessened, by the force of law, Plaintiff's ability to purchase, and thus possess, own or use, ammunition magazines capable of holding more than 10 rounds of ammunition.

104.    As a result of this ban on the sale, importation, manufacture, and/or distribution of ammunition magazines capable of holding 10 rounds or more, Plaintiff is prevented from possessing newly purchased magazines of this nature and is thereby "impaired" in his ability to exercise his right to bear arms pursuant to law as found in Article I, Section 24 of the Washington Constitution and/or the 2nd Amendment and/or 14th Amendment of the United States Constitution.

105.    Restrictions on ammunition, including ammunition magazines, restrict the use of "Arms" within the meaning of the Second Amendment. **"[W]ithout bullets, the right to bear arms would be meaningless. A regulation eliminating a person's ability to obtain or use ammunition could thereby make it impossible to use firearms for their core purpose."** *Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014).

106.    Thus, the only way for "bullets" to get into a firearm is to be loaded into the firearm. Ammunition magazines facilitate the feeding of ammunition into the rifle or pistol. When detachable ammunition magazines are fitted onto firearm platforms such as the AR-15,

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

"bullets" (rounds of ammunition) are then able to fed or loaded into the firearm. A firearm without ammunition is just a glorified club.

107.    ESSB 5078 prevents Plaintiff Brumback from purchasing ammunition magazines holding over 10 rounds as of July 1, 2022 and thus impairs, and/or infringes upon, his right to keep and/or bear arms under the US and Washington Constitutions.

**VI.    COUNT TWO: VIOLATION OF PLAINTIFF GIMME GUN'S RIGHTS SECURED BY THE SECOND AMENDMENT THE UNITED STATES CONSITUTION AND WASHINGTON CONSTITUTION'S ARTICLE I, SECTION 24.**

108.    The preceding paragraphs of this Complaint are incorporated by reference as if fully written herein.

109.    Plaintiff Gimme Guns is prevented by ESSB 5078, as of July 1, 2022, from selling, distributing, repairing, manufacturing, and/or importing ammunition magazines with a capacity over 10 rounds. As a result, Plaintiff Gimme Guns is losing business that, to some degree, hurts Plaintiff's ability to make a living.

110.    Because ESSB 5078 prevents Plaintiff Gimme Guns from selling, manufacturing, importing, repairing and/or distributing ammunition magazines capable of holding more than 10 rounds, all citizens eligible to purchase such magazines, to include the owner and/or employees of Plaintiff Gimme Guns, are prohibited from purchasing, and thus obtaining, such ammunition magazines, and such a ban created by the passage of ESSB 5078 and upon its effective date impairs and/or infringes upon the right of such citizens to keep and/or bear arms as a right protected by the 2nd Amendment to the US Constitution and Article I, Section 24 of the Washington Constitution.

111.    As a result of ESSB 5078, the rights of all Washingtonians who may lawfully keep

COMPLAINT FOR IJNUNCTIVE
AND DECLARATORY RELIEF - **31**

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

and bear arms have been impaired or infringed upon in violation of the US and WA Constitutions.

## VII.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Brumback and Gimme Guns seek judgment against Defendants from this Court as follows:

1. Declare that Washington's ban on manufacturing, importing, selling, repairing and/or offering for sale magazines with a capacity over 10 rounds as a result of ESSB 5078 and its amendments to RCW Chapter 9.41 is an impairment and/or infringement upon the right of Washingtonians to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution and/or violates the individual right of Washingtonians to bear arms in defense of one's self or the state as guaranteed by Article I, Section 24 of the Washington Constitution and is therefore null, void and of no legal effect in the state of Washington;

2. Declare that Plaintiff Brumback is not prohibited by ESSB 5078 from purchasing ammunition magazines able to hold more than 10 rounds from any duly licensed gun dealer or retailer in Washington state, to include Plaintiff Gimme Guns;

3. Declare that ESSB 5078 is unconstitutional in Washington state under the US and Washington Constitution with respect to the sale, manufacture, importation, repair and/or distribution of ammunition magazines capable of holding over 10 rounds.

4. Enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing the provisions of ESSB 5078 and all related laws, regulations, policies, practices, and customs that would impede or criminalize the exercise of the right to keep and/or bear arms;

5. Award reasonable costs and/or attorneys fees to the extent permitted by law; and

6. Grant any and all other equitable and/or legal remedies as this Court may see fit, to include an inquiry, whether legal or ethical in nature, into Washington Attorney General's use of

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

our office of attorney general to advance his personal agendas to impair the right to bear arms of all Washingtonians.

DATED this 11th day of July, 2022.

                                    SILENT MAJORITY FOUNDATION

                                    Simon Peter Serrano, WSBA No. 54769
                                    5238 Outlet Dr.
                                    Pasco, WA 99301
                                    (530) 906-9666
                                    pete@silentmajorityfoundation.org

                                    Counsel for Plaintiffs

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 33