Zachary J. Pekelis, WSBA #44557
Kai A. Smith, WSBA #54749
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101
206-245-1700
*Attorneys for Intervenor-Defendant*
*Alliance for Gun Responsibility*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| MICHAEL SCOTT BRUMBACK, an individual; and GIMME GUNS, a sole proprietorship,<br><br>                              Plaintiffs,<br><br>v.<br><br>ROBERT W. FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; ROBERT UDELL, in his official capacity as Sheriff for Yakima County, Washington; and JOSEPH A. BRUSIC, in his official capacity as County Prosecutor for Yakima County,<br><br>                              Defendants. | No. 1:22-cv-03093-MKD<br><br>ALLIANCE FOR GUN RESPONSIBILITY'S MOTION TO INTERVENE AS A DEFENDANT<br><br>August 26, 2022<br>WITHOUT ORAL ARGUMENT |

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................... 1

II.   FACTS ........................................................................................ 2

    A.  ESSB 5078's Purpose and Scope ......................................... 2

    B.  The Alliance Was the Primary Organizer of Support for
        Passage of ESSB 5078 ........................................................ 4

    C.  Plaintiffs' Lawsuit .............................................................. 5

III.  ARGUMENT .............................................................................. 6

    A.  The Alliance Is Entitled to Intervene as of Right ................ 6

        1.  The Alliance's intervention is timely ......................... 7
        2.  The Alliance has an interest in the subject of
            this action ................................................................... 8
        3.  The lawsuit's outcome may significantly impair
            the Alliance's interest ................................................ 9
        4.  The Alliance's interest may not be fully represented
            by Defendants ........................................................... 10

    B.  In the Alternative, the Court Should Grant Permissive
        Intervention ....................................................................... 14

        1.  The Alliance's defense shares common questions
            of law and fact ........................................................... 15
        2.  The remaining requirements are met or
            inapplicable ................................................................ 16
        3.  Additional factors weigh in favor of permissive
            intervention ................................................................ 17

IV.   CONCLUSION ........................................................................ 17

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I.    INTRODUCTION

The Alliance for Gun Responsibility (the "Alliance") seeks to intervene in this lawsuit to defend the constitutionality of a common-sense firearm law that it spent six years working to enact. Engrossed Senate Bill 5078 ("ESSB 5078" or the "Law") seeks to improve public safety and reduce gun violence by limiting the manufacture, import, and sale of large-capacity magazines ("LCMs"), which allow more than 10 shots to be fired from a gun without reloading. Over the past six years, the Alliance actively assisted in developing and researching these limits and ultimately was the primary organizer of public support for passage of ESSB 5078. The Alliance coordinated tens of thousands of communications to legislators and facilitated the testimony of both experts and citizens in support of the bill. Having invested considerable organizational resources to achieve ESSB 5078's enactment, the Alliance now seeks to defend the Law against Plaintiffs' suit seeking to undo its work and strike down the Law.

Intervention as of right is warranted. First, this Motion is timely and will not cause undue delay or prejudice to the other parties: the lawsuit was initiated less than two weeks ago and removed to this Court less than one week ago, no Defendant has filed an answer, and the Court has not made any substantive rulings. Second, as noted above, the Alliance has a significant interest in the subject of this action that will be significantly impaired absent intervention. Third, there is no assurance that

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 1
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    the Alliance's interest can be fully represented by the existing Defendants, especially

2    in light of *New York State Rifle and Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111

3    (2022), which created a new legal standard for analyzing Second Amendment

4    claims. The Court would benefit from the Alliance's perspective on applying this

5    new framework to the Law. Further, the Alliance has unique and valuable expertise

6    with respect to firearms and gun violence.

7        Alternatively, permissive intervention is also appropriate. The Alliance's

8    defense of ESSB 5078 has common questions of law and fact with this litigation—

9    namely, whether the Law is constitutional—and permissive intervention's other

10    requirements are either met or inapplicable. Accordingly, the Alliance requests that

11    this Court permit it to intervene as a defendant.[1]

## II.    FACTS

### A. ESSB 5078's Purpose and Scope

    On March 8, 2022, the Washington Legislature passed ESSB 5078, and on

March 23, Governor Jay Inslee signed the bill into law. The purpose of ESSB 5078

is straightforward: to increase public health and safety and reduce gun violence.

---

[1] The Alliance has also moved to intervene in *Sullivan v. Ferguson*, No.

3:22-cv-05403-DGE, ECF No. 45 (W.D. Wash. July 14, 2022), which also

challenges the constitutionality of ESSB 5078. The Alliance's motion is pending.

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 2
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

2022 Wash. Laws ch. 104, § 1. The Law seeks to accomplish that goal by limiting the manufacture, import, distribution, and sale of LCMs, which enable semi-automatic handguns, semi-automatic assault rifles, and other types of firearms to shoot more than 10 rounds of ammunition without reloading. *Id*.

As the Legislature found in enacting the Law, firearms equipped with LCMs are far more deadly—especially when used in mass shootings—because they allow a shooter to continually fire for longer periods of time without having to pause to reload. *Id*. It is therefore of little surprise that LCMs were used in all but 10 of the deadliest mass shootings between 2009 and March 2022. *Id*. And recent mass shootings in which the perpetrators used LCMs caused twice as many deaths and 14 times as many injuries. *Id*. When shooters pause to reload—as they must do more often when using smaller capacity magazines—victims have more opportunity to escape, and bystanders and law enforcement have more opportunity to intervene and disarm the shooter. *See id*.

ESSB 5078 regulates LCMs in two respects. First, it prohibits as a gross misdemeanor any person in Washington from manufacturing, importing, distributing, selling, or offering to sell an LCM, with exceptions for (1) the armed forces of the State or the United States; (2) law enforcement agencies in Washington; or (3) out-of-state sale or transfer by a licensed firearms dealer. *Id*. § 3 (to be codified at RCW ch. 9.41). Second, ESSB 5078 makes it an "unfair or deceptive act or

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 3
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

practice or unfair method of competition" under Washington's Consumer Protection Act, RCW ch. 19.86, to distribute, sell, offer for sale, or facilitate sale, distribution, or transfer of an LCM online. *Id.* § 4 (to be codified at RCW ch. 9.41).

### B. The Alliance Was the Primary Organizer of Support for Passage of ESSB 5078

The Alliance is a Seattle-based nonprofit organization dedicated to ending gun violence and promoting a culture of gun ownership that balances rights with responsibilities. Declaration of Renée Hopkins ("Hopkins Decl.") ¶ 2. In collaboration with local and national experts, civic leaders, and citizens, the Alliance identifies and advocates for evidence-based solutions to the crisis of gun violence and promotes those solutions at the local, regional, and state levels. *Id.*

The Alliance has successfully led statewide coalitions to pass several landmark ballot measures to improve Washington's firearm laws. *Id.* ¶ 3. Those measures include Initiative Measure 594, which required background checks for all gun sales—closing a loophole that had allowed sales by "private sellers" at gun shows, on the internet, and in other situations without background checks. *Id.* They also include Initiative Measure 1491, which allowed courts to issue Extreme Risk Protections Orders ("ERPOs") at the request of law-enforcement officers, family members, and others to keep firearms out of the hands of someone deemed a danger to themselves or others. *Id.* And in 2018, the Alliance successfully led the

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 4
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

campaign—through a political committee it established—for Initiative Measure No. 1639, which established requirements for firearm safety training, adopted a 10-day waiting period to purchase a semi-automatic assault rifles, and raised the age for purchase of semi-automatic assault rifles from 18 to 21. *Id.* In lawsuits filed in the U.S. District Court for the Western District of Washington, the Alliance intervened to defend the legality of I-594 and I-1639. *Id.* ¶ 4.

With respect to LCMs specifically, the Alliance spent more than six years working to enact the restrictions that ultimately were contained in ESSB 5078. *Id.* ¶ 5. The Alliance actively assisted in policy research and development, assisted in drafting proposed bill language, and recruited experts to provide analysis of and legislative testimony on the special dangers of LCMs and the efficacy of restrictions on their sale and distribution. *Id.* The Alliance also was the primary organizer of public support for passage of ESSB 5078, coordinating thousands of advocates in support of the bill and tens of thousands of communications direct to legislators. *Id.* Alliance staff and board members also testified in support of the Law. *Id.* In an acknowledgment of the Alliance's leading role, its CEO and members attended the signing ceremony for the Law. *Id.* ¶ 6.

## C. Plaintiffs' Lawsuit

On July 14, 2022, Plaintiffs filed their Complaint in this matter challenging the legality of ESSB 5078 under the Second and Fourteenth Amendments of the U.S.

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 5
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Constitution and article I, section 24 of the Washington Constitution. ECF No. 1-4. The Complaint was filed in Yakima County Superior Court. *Id.* On July 18, Plaintiffs filed a Motion for Injunctive and Declaratory Relief. ECF No. 1-5. On July 21, Defendants Ferguson and Batiste—the Washington State Attorney General and Chief of the Washington State Patrol, respectively—removed the case to this Court. ECF No. 1. No Defendant has answered the Complaint, no discovery has been propounded, and no substantive ruling has been made.

Defendants Ferguson and Batiste do not oppose the Alliance's intervention. Defendants Robert Udell and Joseph Brusic—the Yakima County Sheriff and County Prosecutor, respectively—appeared in this matter yesterday and were unable to state a position on this Motion by today. Plaintiffs do object.

## III.    ARGUMENT

A party may intervene in an action either as a matter of right or by permission. Fed. R. Civ. P. 24. This rule "has received a liberal construction in favor of applications for intervention." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (cleaned up). Intervention is warranted here under either standard.

### A. The Alliance Is Entitled to Intervene as of Right

Under Federal Civil Rule of Procedure 24(a), "[o]n timely motion, the court *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 6
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." (emphasis added.) From this rule, the Ninth Circuit has set out "four requirements for intervention as of right: [1] timeliness; [2] an interest relating to the subject of the action; [3] practical impairment of the party's ability to protect that interest; and [4] inadequate representation by the parties to the suit." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (cleaned up). This rule "is construed broadly in favor of the applicants." *Id*. Because each requirement is met here, the Alliance has a right to intervene under Rule 24(a).

### 1. The Alliance's intervention is timely

In evaluating timeliness, the Ninth Circuit considers: (1) the stage of the proceedings; (2) the prejudice to the other parties; and (3) the reason for and length of delay before moving for intervention. *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007). Existing parties are not prejudiced when a motion to intervene is filed before any substantive rulings. *See, e.g.*, *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836–37 (9th Cir. 1996).

The Alliance seeks intervention less than two weeks after the lawsuit was initiated, less than one week after the case was removed to this Court, and before any discovery or substantive rulings. The Motion is timely. *See, e.g.*, *Babbitt*, 58 F.3d at 1397 ("The intervention motion was filed at a very early stage, before any

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 7
1:22-cv-03093-MKD

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

hearings or rulings on substantive matters."). In fact, the Alliance and other parties intervened to defend I-594 two months after the complaint was filed and after the existing defendant filed an answer. *Nw. Sch. of Safety v. Ferguson*, No. C14-6026 BHS, 2015 WL 1311522, at *2 (W.D. Wash. Mar. 23, 2015) ("[T]here is no prejudice to the other parties because the motion is filed very early in the proceedings and that there has been no delay . . . to file their motion."). Likewise, intervention here will enable the Alliance to participate from the case's early stages without disrupting or delaying the proceedings or prejudicing any party.

### 2.  The Alliance has an interest in the subject of this action

The Alliance has a demonstrable interest in defending ESSB 5078 that is more than sufficient. It is well-established that a "public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Babbitt*, 58 F.3d at 1397 (environmental group that supported listing of local snail as endangered species had right to intervene in defense of listing decision); *see also Sagebrush Rebellion*, 713 F.2d at 527–58 (Audubon Society had right to intervene to defend establishment of bird conservation area because it had participated in the administrative process); *Tucson Women's Ctr. v. Ariz. Med. Bd.*, No. CV-09-1909-PHX-DGC, 2009 WL 4438933 (D. Ariz. Nov. 24, 2009) (Catholic Dioceses' public policy arm had right to intervene to defend Arizona statute it had "actively supported . . . by providing testimony before the" legislature). As in these

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 8
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

cases, here the Alliance actively advocated for enactment of ESSB 5078 and was the primary organizer of public support for the Law's passage. *See supra* at 4–5. Given this extensive involvement and investment in ESSB 5078, the Alliance has a significant interest in defending it.

### 3. The lawsuit's outcome may significantly impair the Alliance's interest

By extension, the Alliance's interests may be significantly impaired by the outcome of this matter, in which Plaintiffs seek to invalidate and permanently enjoin ESSB 5078. Typically, after finding that a proposed intervenor has "a significant protectable interest, [courts] have little difficulty concluding that the disposition of the case may . . . affect it." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). The Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes," holding that "'[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Sw. Ctr. for Bio. Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). Thus, circuit precedent establishes that "an adverse court decision on . . . a measure may, as a practical matter, impair the interest held by the public interest group" that "supported" it. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (citing *Sagebrush Rebellion*, 713 F.2d at 528); *see also Jackson v. Abercrombie*, 282 F.R.D.

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 9
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

507, 517 (D. Haw. 2012) (allowing intervention of group that had campaigned for years to enact statute and constitutional amendment because an "adverse decision would impair [its] interest in preserving" the laws). The Alliance, too, meets the impairment requirement.

### 4. The Alliance's interest may not be fully represented by Defendants

To evaluate the adequacy-of-representation requirement, the Ninth Circuit "examines three factors": (1) "whether the interest of a present party is such that it will *undoubtedly* make all of a proposed intervenor's arguments"; (2) "whether the present party is capable and willing to make such arguments"; and (3) "whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (cleaned up and emphasis added).

Traditionally, the Ninth Circuit has applied a "presumption of adequacy of representation" when "an applicant for intervention and an existing party share the same ultimate objective," such as "when the government is acting on behalf of a constituency that it represents." *Id.* (cleaned up). However, the Supreme Court recently held that "this presumption applies only when interests overlap fully." *Berger v. N.C. State Conf. of NAACP*, 142 S. Ct. 2191, 2201 (2022). In contrast, where "the absentee's interest is similar to, but not identical with, that of one of the

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 10
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

parties, that normally is not enough to trigger a presumption of adequate representation." *Id.* (cleaned up). Here, while the Alliance may share with present Defendants the "ultimate objective" of defending the constitutionality of ESSB 5078, the Alliance's focused interest in promoting—and defending—sensible yet comprehensive firearm regulation diverges with state and local officials' broader duties to promote the public interest more generally. *See Citizens for Balanced Use*, 647 F.3d at 899 ("[T]he government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'") (quoting *WildEarth Guardians v. U.S. Forest Serv.,* 573 F.3d 992, 996 (10th Cir. 2009)); *see also Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) ("[W]e have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors. . . . A government entity . . . is charged by law with representing the public interest of its citizens. [The intervenor], on the other hand, is seeking to protect a more narrow and 'parochial' . . . interest not shared by [all] citizens . . . .") (cleaned up).

Moreover, Plaintiffs level numerous allegations against Defendant Ferguson specifically, including that he "used our office of attorney general to push his personal agenda to impair the rights of Washingtonians to bear arms." ECF No. 1-4 ¶ 68; *see also id.* ¶¶ 55–70, 73–86, 88 (allegations against Ferguson). Presumably,

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 11
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Ferguson's defense will include responding and rebutting such accusations, while the Alliance's defense would focus solely on the constitutionality of ESSB 5078. *See, e.g.*, *Planned Parenthood of Minnesota, Inc. v. Citizens for Cmty. Action*, 558 F.2d 861, 870 (8th Cir. 1977) (granting intervention of right where, though "both the [proposed intervenors] and defendants are interested in upholding the constitutionality of the ordinance," "their respective interests, while not adverse, are disparate" because "[a]llegations of bad faith have been directed against the defendants"). Thus, because the Alliance's interests do not "overlap fully" with the existing Defendants, the presumption of adequate representation does not apply.

Even if it did apply, however, "[t]he burden of showing inadequacy of representation is *minimal* and satisfied if the applicant can demonstrate that representation of its interests *may* be inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (cleaned up and emphases added); *see Berger*, 142 S. Ct. at 2204 (burden is "minimal") (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Here, it is at least possible (if not probable) that the Alliance's interests will not be fully represented by the present Defendants. Although they may make some of the same arguments, that is by no means assured, and they are unlikely to capture the Alliance's unique perspective as Washington State's leading gun violence prevention organization or articulate its particular positions on the Second Amendment's proper scope.

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 12
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

That is especially true in light of *Bruen*, which significantly altered the framework for adjudicating Second Amendment claims, scrapping the previously well-established two-step test and adopting in its stead a new text- and history-centered approach. 142 S. Ct. at 2126. As constitutional scholars have observed (including those who support *Bruen*'s outcome), how this new standard may apply in practice raises many questions, which will necessarily need to be addressed by future cases. *See, e.g.*, Randy Barnett, *A minor impact on gun laws but a potentially momentous shift in constitutional method*, SCOTUSblog (Jun. 27, 2022), https://www.scotusblog.com/2022/06/a-minor-impact-on-gun-laws-but-a-potentially-momentous-shift-in-constitutional-method/. The Alliance maintains that ESSB 5078 is constitutional under *Bruen*—just as it was under the two-step framework. *See Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), *cert. granted, judgment vacated in light of Bruen*, 142 S. Ct 2111. At the same time, it is unlikely all present Defendants will interpret and apply the new and untested standard in precisely the same way as the Alliance. Thus, it cannot be said that any "present party . . . will *undoubtedly* make all of [the Alliance]'s arguments." *Citizens for Balanced Use*, 647 F.3d at 898 (cleaned up and emphasis added).

In addition, the Alliance has extensive "expertise apart from that of" the present Defendants, particularly with respect to firearms, mass shootings, and gun violence prevention measures. *Sagebrush Rebellion*, 713 F.2d at 528; *Tucson*

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Women's Ctr.*, 2009 WL 4438933, at *5  ("Both groups may also provide evidence concerning the impact of the Act that Defendants could not provide."). As explained above, the Alliance has developed significant firearms expertise and experience litigating Second Amendment cases in federal and state courts. Under Rule 24(a)'s principles liberally favoring intervention, the Alliance should have an opportunity to have its legal arguments and subject-matter expertise heard in defense of the Law it was instrumental in enacting.

### B. In the Alternative, the Court Should Grant Permissive Intervention

Permissive intervention also is warranted under Rule 24(b)(1): "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, permissive intervention is appropriate when (1) the applicant shares a common question of law or fact with the main action, (2) the applicant's motion is timely, and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

When the above threshold criteria are met, a court has broad discretion in granting intervention. *See Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 14
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

728, 741 (9th Cir. 2011). In exercising its discretion, courts in the Ninth Circuit

generally examine several additional factors:

> [T]he nature and extent of the intervenors' interest, their standing to
> raise relevant legal issues, the legal position they seek to advance, and
> its probable relation to the merits of the case[,] . . . whether the
> intervenors' interests are adequately represented by other parties, . . .
> and whether parties seeking intervention will significantly contribute to
> full development of the underlying factual issues in the suit and to the
> just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). These

factors are "nonexclusive," *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998),

and "[c]ourts are free to consider other factors in their analysis," *Mineworkers'*

*Pension Scheme v. First Solar Inc.*, 722 F. App'x 644, 646 (9th Cir. 2018)

(unpublished).

### 1. The Alliance's defense shares common questions of law and fact

A would-be permissive intervenor's defense must share a common question

of law or fact with the main action. The defense need only "relate to the subject

matter of the action . . . before the district court." *Greene v. United States*, 996 F.2d

973, 978 (9th Cir. 1993).

As noted above, the Western District of Washington previously held that the

Alliance raised common questions of law and fact in cases defending the

constitutionality of measures it supported. *Nw. Sch. of Safety*, 2015 WL 1311522, at

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 15
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*2 (Alliance presented common questions of law and fact in challenge to I-594); *Mitchell v. State*, No. 3:18-cv-5931, ECF No. 19 (W.D. Wash. Jan. 2, 2019) (permitting Alliance's political committee to intervene in challenge to I-1639); *Mitchell v. Atkins*, No. 3:19-cv-05106, ECF No. 35 (W.D. Wash. Apr. 2, 2019) (same). Other courts have reached similar conclusions. *See, e.g.*, *Jackson*, 282 F.R.D. at 520 ("HFF seeks to intervene to defend the constitutionality of Hawaii's marriage laws. Because this is the precise issue raised by Plaintiffs' claims, there are common questions of law and fact . . . .").

The situation here is no different. The Alliance seeks to defend the law that it worked for six years to pass. The proposed defense of ESSB 5078 addresses the exact issues raised by Plaintiffs' claims—i.e., whether ESSB 5078 is constitutional—and thus shares common questions of law and fact with the allegations in this proceeding. The Alliance meets the first requirement.

### 2.  The remaining requirements are met or inapplicable

The timeliness requirement is met for the same reasons explained above. *See supra* at 7–8; *EEOC v. Global Horizons, Inc.*, CV. No. 11-00257 DAE-RLP, 2012 WL 874868, at *3 (D. Haw. Mar. 13, 2012) (applying same timeliness standard in permissive intervention context).

The final requirement of "independent jurisdictional grounds" is inapplicable: it "does not apply to proposed intervenors in federal-question cases when the

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

proposed intervenor is not raising new [state-law] claims." *Freedom from Religion Found.*, 644 F.3d at 844. The Alliance does not seek to assert any new state law claims in this federal-question case. ECF No. 1 at 2.

### 3.  Additional factors weigh in favor of permissive intervention

Several *Spangler* discretionary factors do apply, weighing in favor of permitting intervention. Given the Alliance's involvement and investment in advancing LCM restrictions generally and ESSB 5078 specifically, the Alliance has significant interests in defending the Law. The Alliance's participation also will significantly contribute to the full development and just and equitable adjudication of the underlying factual and legal issues in the suit. *See, e.g.*, *Nw. Sch. of Safety*, 2015 WL 1311522, at *2; *Doe v. Harris*, No. C12-5713 TEH, 2013 WL 140053, at *1 (N.D. Cal. Jan. 10, 2013) ("Proponents seek only to ensure that their perspective on the matters at the heart of this litigation are given due consideration" and their "potential . . . to make such contributions outweighs the as yet abstract danger that delay or prejudice to the original parties could result"). Similarly, here the Alliance's participation will ensure that the interests of ESSB 5078's supporters are fully represented and all applicable legal defenses are considered.

## IV.    CONCLUSION

The Alliance respectfully requests that the Court grant its Motion to Intervene. A proposed answer is filed herewith. *See* Fed. R. Civ. P. 24(c).

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 17
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

DATED this 27th day of July, 2022.

PACIFICA LAW GROUP LLP


*s/ Kai A. Smith*
Zachary J. Pekelis, WSBA #44557
Kai A. Smith, WSBA #54749

*Attorneys for Intervenor-Defendant*
*Alliance for Gun Responsibility*

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 18
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.


DATED this 25th day of July, 2022.


_____
                    Sydney Henderson

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 19
1:22-cv-03093-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750