1    R. JULY SIMPSON, WSBA #45869
     WILLIAM MCGINTY, WSBA #41868
2    ANDREW HUGHES, WSBA #49515
     BRIAN HUNT ROWE, WSBA #56817
3    Assistant Attorneys General
     JEFFREY T. EVEN, WSBA #20367
4    Deputy Solicitor General
     KRISTIN BENESKI, WSBA #45478
5    First Assistant Attorney General
     Washington State Office of the Attorney General
6    7141 Cleanwater Dr. SW
     PO Box 40111
7    Olympia, WA 98504-0111
     (360) 709-6470
8

9              **UNITED STATES DISTRICT COURT**
             **EASTERN DISTRICT OF WASHINGTON**
                       **AT YAKIMA**
10

11   MICHAEL SCOTT BRUMBACK,              NO. 1:22-cv-03093-MKD
     an individual, et al.,
12                                        STATE DEFENDANTS'
              Plaintiffs,                 AND INTERVENOR-
13                                        DEFENDANT'S MOTION
              v.                          TO STRIKE PLAINTIFFS'
14                                        NOTICE OF
     ROBERT W. FERGUSON, in his           SUPPLEMENTAL
     official capacity as Washington      AUTHORITY
15   State Attorney General, et al.,
                                          January 23, 2023
16            Defendants,                 Without Oral Argument

17   ALLIANCE FOR GUN
     RESPONSIBILITY,
18
              Intervenor.
19

20                    **I.    INTRODUCTION**

21        The State Defendants and Intervenor-Defendant (collectively "movants")

22   respectfully request that the Court strike the attachments to Plaintiffs' Notice of

STATE DEFENDANTS' AND                    1         ATTORNEY GENERAL OF WASHINGTON
INTERVENOR-DEFENDANT'S                              Complex Litigation Division
MOTION TO STRIKE                                   7141 Cleanwater Dr. SW
NO. 1:22-cv-03093-MKD                              PO Box 40111
                                                   Olympia, WA 98504-0111
                                                   (360) 709-6470

1    Supplemental Authority (ECF No. 41) except for the ruling of the Oregon state

2    court (ECF No. 41-7).[1]

3         These attachments should be struck because they consist of argument and

4    evidence presented by a defendant in a different case pending in a Washington

5    State Superior Court in and for King County—they are not legal authority.

6    Plaintiffs had an opportunity to submit this argument and evidence when they

7    filed their motion 78 days ago, but did not do so. Now, after briefing has been

8    submitted, after a hearing was held on the motion, and after the movants'

9    opportunity to respond has passed, it would be fundamentally unfair to the

10   movants to permit Plaintiffs to submit additional evidence and argument in

11   support of their motion.

12              **II.     RELEVANT FACTS**

13        Plaintiffs brought suit originally in Washington State Superior Court in

14   Yakima County on July 14, 2022. ECF No. 1-4. Along with their Complaint, they

15   filed a motion for injunctive and declaratory relief. ECF No. 1-5. Defendants

16   removed the case to this Court, which left the motion for declaratory and

17   injunctive relief unscheduled. *See* ECF No. 1.

18        The parties met and conferred regarding Plaintiffs' intent to bring a motion

19   for preliminary injunction, and agreed on a briefing schedule and extension to the

20   _____

21        [1] The State Defendants do not concede, and affirmatively dispute, that the

22   ruling of the Oregon state court is binding or persuasive authority.

STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    page limits otherwise applicable under the local rules, which this Court

2    subsequently granted. ECF No. 16 at 3; ECF No. 18.

3         Plaintiffs then filed their motion for a preliminary injunction on October

4    3, 2022. ECF No. 20. Plaintiffs submitted no new declarations or evidence,

5    relying entirely on their evidentiary submissions to the Yakima County Superior

6    Court in July 2022. *See id.* Defendants responded, submitting several declarations

7    from experts in opposition to Plaintiffs' motion. *See* ECF Nos. 23–30. Plaintiffs'

8    reply, submitted on November 9, 2022, again contained no new evidence or

9    expert testimony other than what was already submitted to the state court. ECF

10   Nos. 34, 35.[2]

11        All parties agreed to a hearing on Plaintiffs' motion for preliminary

12   injunction without live testimony, and a hearing was held on the motion on

13   November 23, 2022. *See* ECF No. 37. On December 6, 2022, the State

14   Defendants filed a notice of supplemental authority (ECF No. 38) with the

15   December 6, 2022, ruling of the Federal District Court for the District of Oregon

16   denying a motion for preliminary injunction against Oregon's large capacity

17   magazine regulations. On December 8, 2022, Plaintiffs filed a notice of

18   supplemental authority attaching an Oregon state court ruling granting a

19   temporary restraining order against the same Oregon large capacity magazine

20   _____

21        [2] ECF No. 35, the McKnight affidavit, was filed at the Court's direction

22   after being inadvertently omitted from Defendants' removal notice.

STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    regulations, the Oregon State Supreme Court's denial of a stay of the temporary

2    restraining order, and a complaint filed by the Washington State Attorney

3    General's Office against Federal Way Discount Guns, LLC and other defendants

4    for violating Washington's large capacity magazine sales prohibition. ECF No.

5    39. On December 14, 2022, the State Defendants filed another notice of

6    supplemental authority attaching the ruling of the Federal District Court for the

7    District of Rhode Island denying a motion for a preliminary injunction against

8    Rhode Island's large capacity magazine laws. ECF No. 40.

9         Plaintiffs then filed another notice of supplemental authority on

10   December 20, 2022. ECF No. 41. It predominantly contains briefing and

11   supporting declarations filed by Federal Way Discount Guns, LLC in opposition

12   to a motion for preliminary injunction filed by the Attorney General's Office in

13   King County Superior Court. *See generally* ECF No. 41. Specifically, Plaintiffs'

14   December 20, 2022 notice of "supplemental authority" consists of:

15        •    The briefing supporting and in opposition to the motion for

16   preliminary injunction in the King County case (ECF Nos. 41-2, 41-3);

17        •    Declarations attesting to opinions that a 10-round magazine is not

18   "large" and to the good character of the principals of Federal Way Discount Guns,

19   LLC (ECF Nos. 41-3, 41-4, 41-8, 41-9, 41-10, 41-11);

20        •    Opinions offered in opposition to the motion for preliminary

21   injunction against Federal Way Discount Guns, LLC (ECF Nos. 41-5, 41-6);

22

STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    •    A December 15, 2022, ruling by an Oregon state   trial court

2    preliminarily enjoining Oregon's large capacity magazine regulations based on

3    the Oregon Constitution (ECF No. 41-7);

4    •    A list of the documents filed in the King County case (ECF No. 41-

5    12); and

6    •    A declaration attesting to the authenticity of records (ECF No. 41-1).

7    ### III.    ARGUMENT

8    The movants respectfully request that the Court strike the attachments to

9    Plaintiffs' notice of supplemental authority, except for the opinion of the Oregon

10   state court (ECF No. 41-7). The bulk of Plaintiffs' notice consists of factual

11   allegations, opinion testimony, and argument that the movants have had no

12   meaningful opportunity to respond to. *See*, *e.g.*, ECF No. 41-3 at 10 (arguing that

13   Washington's large capacity magazine regulations are unconstitutional under

14   Washington State law); ECF No. 41-5 (opining on the purported popularity of

15   AR-15 style rifles and large capacity magazines); *see also* ECF No. 41-6 (opining

16   regarding the history and tradition of weapons regulation in the United States).

17   Moreover, much of the evidence Plaintiffs characterize as "supplemental

18   authority" is straightforwardly irrelevant to this case because it relates

19   exclusively to nonparties. *See*, *e.g.*, ECF No. 41-11 at 2 ("Mr. Bahgai is a valued

20   community member and provides legal access to shooting supplies, firearm sales

21

22

STATE DEFENDANTS' AND                    5                    ATTORNEY GENERAL OF WASHINGTON
INTERVENOR-DEFENDANT'S                                        Complex Litigation Division
MOTION TO STRIKE                                             7141 Cleanwater Dr. SW
NO. 1:22-cv-03093-MKD                                        PO Box 40111
                                                             Olympia, WA 98504-0111
                                                             (360) 709-6470

1    and range facilities."); *see also* ECF No. 41-12 (listing documents filed in the

2    action against Federal Way Discount Guns, LLC in King County Superior Court).

3        Local Civil Rule 7(b) sets forth the procedures for motions practice in this

4    Court. It requires a party to file and serve "a motion and any supporting

5    materials." Then, the responding party has an opportunity to respond, and the

6    moving party has a reply. *See* LCivR 7(b). In this case, the parties arranged for a

7    briefing schedule and for an extension of the applicable page limits. ECF Nos.

8    16, 18. Plaintiffs could have—but did not—supplement the materials they

9    originally filed in Yakima County Superior Court at the time they filed their

10   motion in this Court. *See* ECF No. 20. Plaintiffs could have—but did not—seek

11   to call live witnesses at the hearing on their motion. *See* ECF No. 37. And even

12   now, if Plaintiffs thought the materials attached to their notice of supplemental

13   authority were crucial, they could withdraw their motion and refile it with the

14   attachments, re-noting it in accordance with the Local Civil Rules so as to give

15   the movants an opportunity to respond. But Plaintiffs have done none of these

16   things. They simply filed additional evidence and argument well after hearing on

17   their motion, with no way for the movants to meaningfully respond. This is

18   fundamentally unfair, and the Court should strike the supplemental material.

19       Notices of supplemental authority are allowed to alert a court of

20   subsequent decisions issued after briefing has closed. *See, e.g.*, *Sisk v. Abbott*

21   *Labs.*, 1:11-cv-00159-MR-DLH, 2012 WL 1164559, at *1 (W.D.N.C. Apr. 9,

22

STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

2012) ("[A] notice of supplemental authority [is] commonly used in the federal court system to alert the Court to *a decision of another court* issued after the close of the briefing period.") (emphasis added); *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021) (explaining that notices of supplemental authorities "are commonly used in the federal court system to alert courts to *subsequent decisions* relevant to a pending motion.") (cleaned up, emphasis added). Permitting parties to alert the court to legal authorities issued after briefing has closed makes good sense, because otherwise the court could remain unaware of such developments and make a ruling without the benefit of on-point and potentially controlling precedent. Here, the bulk of Plaintiffs' notice is simply additional evidence and argument—not at all the sort of thing notices of supplemental authority are for.

For these reasons, the movants do not object to Plaintiffs' filing of the opinion of the Oregon state court as a supplemental authority. Unlike the other materials Plaintiffs filed, ECF No. 41-7 is a legal opinion issued after the date of Plaintiffs' last brief and, to the extent the Court finds it persuasive, it is appropriate for the Court to consider it.

## IV.    CONCLUSION

ECF Nos. 41-1, 41-2, 41-3, 41-4, 41-5, 41-6, 41-8, 41-9, 41-10, 41-11, and 41-12 should be struck because they consist of additional evidence and argument—not legal authority—to which the movants have no meaningful

STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    opportunity to respond. These materials, which were improperly submitted in a

2    procedurally unfair manner, should not be part of the record in this case.

3        DATED this 22nd day of December 2022.

4

5    ROBERT W. FERGUSON                    PACIFICA LAW GROUP LLP
     Attorney General

6

7    *s/ William McGinty*                   */s Zachary J. Pekelis*
     WILLIAM MCGINTY, WSBA #41868           ZACHARY J. PEKELIS, WSBA #44557
8    R. JULY SIMPSON, WSBA #45869           KAI SMITH, WSBA #54749
     ANDREW HUGHES, WSBA #49515             Attorneys at Law
     BRIAN HUNT ROWE, WSBA #56817           zach.pekelis@pacificalawgroup.com
9    Assistant Attorneys General           kai.smith@pacificalaw.group.com
     JEFFREY T. EVEN, WSBA #20367           *Attorneys for Intervenor-Defendant*
10   Deputy Solicitor General              *Alliance for Gun Responsibility*
     KRISTIN BENESKI, WSBA #45478
11   First Assistant Attorney General
     William.McGinty@atg.wa.gov
12   July.Simpson@atg.wa.gov
     Andrew.Hughes@atg.wa.gov
13   Brian.Rowe@atg.wa.gov
     Jeffrey.Even@atg.wa.gov
14   Kristin.Beneski@atg.wa.gov
     *Attorneys for Defendants*
15   *Robert W. Ferguson and John R. Batiste*

16

17

18

19

20

21

22

STATE DEFENDANTS' AND                8            ATTORNEY GENERAL OF WASHINGTON
INTERVENOR-DEFENDANT'S                                   Complex Litigation Division
MOTION TO STRIKE                                            7141 Cleanwater Dr. SW
                                                                PO Box 40111
NO. 1:22-cv-03093-MKD                                     Olympia, WA 98504-0111
                                                              (360) 709-6470

## PROOF OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 22nd day of December 2022 at Olympia, Washington.

*s/ William McGinty*
WILLIAM MCGINTY, WSBA #41868
Assistant Attorney General

STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470