Simon Peter Serrano, WSBA No. 54769
Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301
(509) 567-7083
pete@silentmajorityfoundation.org
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MICHAEL SCOTT BRUMBACK, an individual, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT W. FERGUSON, in his official capacity as Washington State Attorney General, et al., <br><br> Defendants, <br><br> ALLIANCE FOR GUN RESPONSIBILITY, <br><br> Intervenor- Defendant. | No. 1:22-cv-03093-MKD <br><br> PLAINTIFFS' RESPONSE TO STATE DEFENDANTS AND INTERVENOR-DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES <br><br><br> January 23, 2023 <br> Without Oral Argument |

## I.  INTRODUCTION

Plaintiffs oppose Defendant and Defendant-Intervenor's request to strike the documents Plaintiffs filed as supplemental authority at Docket No. ECF 41. If the Court is not amenable to retaining **all** documents filed under ECF No. 41 (ECF Nos.

PLAINTIFFS' RESPONSE TO
STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD        - 1

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

41-1, 41-2, 41-3, 41-4, 41-5, 41-6, 41-7, 41-8, 41-9, 41-10, 41-11, and 41-12), Plaintiffs seek this court to retain in the very least Documents ECF No. 41-1, 41-2, 41-3, 41-5, 41-6, and 41-7 as part of the record as those documents clearly demonstrate the critical elements of this case as addressed, below.

## II.      RELEVANT FACTS

The filed documents are relevant as they demonstrate critical elements of this case, namely the State's enforcement of the challenged laws (RCW 9.41.370 and .375). This section will address the basis for the Court to retain at least Documents ECF No. 41-1, 41-2, 41-3, 41-5, 41-6, and 41-7 as part of the Record.

**A. ECF No. 41-1 is the Declaration of Austin Hatcher, attorney in both cases.**

ECF No. 41-1 is the Declaration of Austin Hatcher, attorney in both cases and offers no substance, but provides notice of the information in the various documents attached as exhibits to ECF No. 41. The Court need not retain this document, although it may be beneficial for organizational purposes (i.e., to track all retained documents).

**B. ECF No. 41-2 is an enforcement action by State Defendants on the issues challenged in this lawsuit.**

ECF No. 41-2, is the State of Washington's Complaint and Motion for *State of Washington v. Federal Way Discount Guns, LLC,* King County Superior Court Case No.: 22-2-20064-2-SEA filed on December 9, 2022. The documents demonstrates

PLAINTIFFS' RESPONSE TO
STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD          - 2

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

that the State is enforcing the provisions of RCW 9.41 challenged in this lawsuit (ECF No. 41-1).

**C. ECF No. 41-3 is the Defendants' position in the *Federal Way Guns* case, which is similar to Plaintiffs' positions in this matter.**

ECF No. 41-3 is a responsive pleading in the *Federal Way Discount Guns* matter and was offered to demonstrate that the litigation and enforcement of RCW 9.41 are ongoing.

**D. ECF Nos. 41-5 and 41-6 are expert testimonies relevant to the matter at hand.**

ECF No. 41-5 and 41-6 is the expert testimonies of Mark Hanish and Ashley Hlebinsky, respectively and offer testimony related to current and historical use of Large Capacity magazines and firearms that use such magazine.

**E. ECF Nos. 41-7 is a copy of an Order from the Oregon District Court (State Court) Enjoining Oregon's Measure 114, which has a "Large Capacity Magazine" Ban.**

Defendants do not oppose the inclusion of this document in the Record but dispute the binding or persuasive nature of the document. As Plaintiffs' challenge to the modifications to RCW 9.41 is a case of first impression in this state, while the

PLAINTIFFS' RESPONSE TO
STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD         - 3

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

Oregon Court's decision is not binding, it offers valuable context and content, no different than any other decisions arising outside of the Ninth Circuit or the United States Supreme Court. (ECF No. 42, at 1-2.) Because the Oregon Court's decision is "relevant to the issues in this action, the supplemental authority is helpful in developing the Court's analysis." *Tao Grp. Holdings, LLC v. Emp'rs Ins. Co. of Wausau,* No. 2:21-cv-00382-GMN-NJK, 2022 U.S. Dist. LEXIS 41520, at *2 n.1 (D. Nev. Mar. 8, 2022). Furthermore, as neither party objects to the inclusion of ECF No. 41-7, the Court should retain it as part of the record.

### III.  ARGUMENT

Eastern District of Washington local rules do not address providing supplemental authority to the Court; however, Western District of Washington local rule 7(n) addresses the matter, as follows:

> Before the court rules on a pending motion, a party may bring to the court's attention relevant authority issued after the date the party's last brief was filed by serving and filing a Notice of Supplemental Authority that attaches the supplemental authority without argument.

Plaintiffs filed the Motion for Supplemental Authorities *before* the court issued a ruling on the Motion for Preliminary Injunction, and all documents submitted as Supplemental Authority were filed or issued *after* the briefing and the hearing were

PLAINTIFFS' RESPONSE TO
STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD        - 4

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1  completed; thus, while not controlling, the Motion was timely under Western District
2  Local Rule 7(n).

3

4  As noted in a matter recently before the Western District of Washington
5  wherein Judge Jones Denied a Motion to Strike Supplemental Pleadings, "the Court
6  must consider state court judgments on related matters litigated between the same
7  parties or their privies." *Ozone Int'l, LLC v. Wheatsheaf Grp. US, Inc.*, No. 3:19-cv-
8
9  06155-RAJ, 2021 U.S. Dist. LEXIS 63140, at *7-8 (W.D. Wash. Mar. 31, 2021).
10 citing *Chao v. A-One Med. Servs., Inc.,* 346 F.3d 908, 921 (9th Cir. 2003). While the
11 documents filed are not decisions from the lower court, they do inform the Court of
12
13 the states of a matter that could have a "preclusive effect" on the claims before this
14 Court. *Id.* at 11. Thus, the filed documents have value to this Court in its
15
16 Notably, the State of Washington is a Party in each case; while no judgment
17 has been rendered on the *State of Washington v. Federal Way Discount Guns*, it is
18
19 proper for this Court to be aware of the posture the State has taken to enforce the
20 provisions of RCW 9.41 challenged in this case; hence, the inclusion of ECF Nos.
21 41-2 and 41-3 offer notice of the positions taken by the State and opposing counsel
22
23 in related matters. Moreover, the State's enforcement of RCW 9.41 supports
24 Plaintiffs' claims in this matter that both purchaser and vendor rights to sell/purchase

25 PLAINTIFFS' RESPONSE TO
STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD       - 5

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

firearms has been infringed through the State's enactment and enforcement of the challenged provisions of RCW 9.41. (ECF No. 21-1, at 15-17.) ECF No 41-2 clearly strikes at Plaintiffs' response to the Court during oral arguments with the question of the impact to Plaintiff Gimme Guns. In response, Plaintiffs' counsel noted the State's ability to enforce the challenged laws, RCW 9.41.370 and .375, would result in a direct impact for firearms dealers, and this is the precise nature of *State of Washington v. Federal Way Discount Guns*, cited in ECF Nos. 41-2 and 41-3.

Regarding ECF Nos. 41-5 and 41-6, while these are not binding court decisions, these are the types of documents that the Western District of Washington has allowed, finding that "some courts have permitted parties to file supplemental exhibits after the relevant motion's noting date," although such supplemental exhibits are often offered subsequent to a motion for authorization to supplement the record. *Blough v. Shea Homes, Inc.*, No. 2:12-cv-01493 RSM, 2014 U.S. Dist. LEXIS 100600, at *53-54 (W.D. Wash. July 23, 2014) citing *Continental Cas. Co. v. Duyzend*, 2014 U.S. Dist. LEXIS 14371, 2014 WL 468014 (W.D. Wash. 2014, where the court allowed Plaintiff to supplement the record with two emails that were previously unavailable to Plaintiff "for the purpose of compiling a complete record" on a specific issue before the court); and *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, 2011 U.S. Dist. LEXIS 20165, 2011 WL 780876 (W.D. Wash. 2011

PLAINTIFFS' RESPONSE TO
STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD        - 6

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

holding that while the moving party had "ample opportunity" to file the supplemental papers, the court admitted the requested information to complete the record and because the non-moving part had access to the admitted documents). Here, these documents are publicly available, and one of Defendant in this case *brought* the other matter. Defendant clearly has access to and notice of ECF Nos. 41-5 and 41-6. Moreover, as no order has been issued on Plaintiffs' Motion for Preliminary Injunction, these documents will serve to complete the record. If the Court declines to admit these documents at this time, Plaintiffs will file a motion seeking leave of the Court to include these documents in the record.

Finally, as noted above, ECF No. 41-7 is a decision rendered in the State of Oregon on a related matter, and Defendants do not object to the inclusion of this document.

### F.    CONCLUSION

ECF Nos. 41-1, 41-2, 41-3, 41-4, 41-5, 41-6, 41-7, 41-8, 41-9, 41-10, 41-11, and 41-12 should be retained as part of this record; however, if the Court finds that some of the listed documents consist of testimony inapplicable to this matter, the Court should, at a minimum, retain Docket numbers 41-1, 41-2, 41-3, 41-5, 41-6, and 41-7 as part of the Record as these documents demonstrate that the State is enforcing the laws

PLAINTIFFS' RESPONSE TO
STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD         - 7

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

challenged in this matter and such enforcement was unknown to Plaintiffs prior to all filings and hearings to date.

DATED **this 28th day of December 2022.**

**SILENT MAJORITY FOUNDATION**

*/s/Simon Peter Serrano*
_____
Simon Peter Serrano, WSBA No. 54769
5238 Outlet Dr.
Pasco, WA 99301
(509)567-7083
pete@silentmajorityfoundation.org

Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December 2022, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this 28th day of December 2022.

*/s/Madeline Johnson*
Madeline Johnson

PLAINTIFFS' RESPONSE TO
STATE DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD        - 9

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301