R. JULY SIMPSON, WSBA #45869
WILLIAM MCGINTY, WSBA #41868
ANDREW HUGHES, WSBA #49515
BRIAN HUNT ROWE, WSBA #56817
Assistant Attorneys General
JEFFREY T. EVEN, WSBA #20367
Deputy Solicitor General
KRISTIN BENESKI, WSBA #45478
First Assistant Attorney General
Washington State Office of the Attorney General
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT YAKIMA

| | |
|---|---|
| MICHAEL SCOTT BRUMBACK, an individual, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT W. FERGUSON, in his official capacity as Washington State Attorney General, et al.,<br><br>Defendants,<br><br>ALLIANCE FOR GUN RESPONSIBILITY,<br><br>Intervenor-Defendant. | NO. 1:22-cv-03093-MKD<br><br>REPLY IN SUPPORT OF STATE DEFENDANTS' AND INTERVENOR-DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY<br><br>January 23, 2023<br>Without Oral Argument |

## I.      INTRODUCTION

Plaintiffs' response brief confirms that the documents Defendants have moved to strike are evidence, not legal authority. Regardless of its relevance or

REPLY IN SUPPORT OF STATE
DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  irrelevance, the manner in which this evidence was submitted is highly
2  prejudicial to Defendants, leaving them with no procedurally appropriate way to
3  submit responsive evidence or argument. Plaintiffs' own cited authority confirms
4  that such belated evidentiary submissions "unfairly prejudice" other parties,
5  "potentially open a floodgate for impertinent and untimely filings[,]" and should
6  be stricken. *Blough v. Shea Homes, Inc.*, No. 2:12-cv-01493-RSM, 2014 WL
7  3694231, at *18 (W.D. Wash. Jul. 23, 2014) (granting motion to strike
8  supplemental exhibit). Accordingly, ECF Nos. 41-1, 41-2, 41-3, 41-4, 41-5, 41-
9  6, 41-8, 41-9, 41-10, 41-11, and 41-12 should be stricken from the record.

10  Plaintiffs ask the Court to "retain in the very least" ECF Nos. 41-1, 41-2,
11  41-3, 41-5, 41-6, and 41-7, and only make arguments against striking these six
12  documents. ECF No. 44 at 2–4. Defendants did not move to strike ECF No. 41-
13  7 (an Oregon state court decision), which leaves only five contested documents.
14  Striking each of these documents is warranted for the reasons discussed below.

15  **II. ARGUMENT**

16  Plaintiffs concede that the contested documents are "not binding court
17  decisions" submitted to alert the Court to new legal developments—rather, they
18  are "expert testimonies" and other evidence. ECF No. 44 (Resp.) at 2–3, 5–7.
19  Plaintiffs argue that this evidence is relevant to their pending Motion for
20  Preliminary Injunction (ECF No. 20) because it is "related to current and
21  historical use of" large-capacity magazines and because it "demonstrates that the
22

REPLY IN SUPPORT OF STATE
DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  State is enforcing the provisions of RCW 9.41 challenged in this lawsuit[.]" *Id.*
2  at 2–3. But the evidence's relevance or irrelevance[1] is beside the point.
3  Defendants' objection is a procedural one: submitting new evidence *after* the
4  close of briefing and argument is procedurally improper and fundamentally unfair
5  because it leaves Defendants with no meaningful opportunity to respond with
6  rebuttal expert testimony, other evidence, or argument. *See* ECF No. 42 at 6–7.

7  Plaintiffs cite no rule or legal authority that permits such evidentiary
8  supplementation of the record by ambush. Nor do they attempt to explain how
9  their belated submission of new evidence comports with the procedural rules
10 governing motions practice in this district—it plainly does not. *See* ECF No. 42
11 at 6. Indeed, *Plaintiffs' own authority* confirms that "[a]llowing [a party] to
12 unilaterally disregard the local rules and to supplement the record without prior
13 leave of the Court would unfairly prejudice [other parties] and potentially open a
14 floodgate for impertinent and untimely filings." *Blough*, 2014 WL 3694231, at
15 *18 (striking untimely submitted evidence); *see* ECF No. 44 at 6.

16 Accordingly, as Plaintiffs' cited authority confirms, courts permit
17 supplementation of the record only upon a proper motion to supplement and

---

[1] Plaintiffs offer no explanation for why the State's enforcement action is relevant to the pending Motion for Preliminary Injunction. *Compare* ECF No. 44 *with* ECF No. 42 at 5–6 (explaining that this evidence is "straightforwardly irrelevant"). Regardless, the existence of the enforcement lawsuit is undisputed.

REPLY IN SUPPORT OF STATE DEFENDANTS' AND INTERVENOR-DEFENDANT'S MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  where the supplementation will not prejudice the other parties. *See Continental Cas. Co. v. Duyzend*, No. 2:13-cv-01508-MJP, 2014 WL 468014, at *2 (W.D. Wash. Feb. 5, 2014) (granting plaintiff's motion to supplement record with emails related to timing of defendant's answer, where plaintiff concurrently (but unsuccessfully) moved to strike answer as untimely); *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, No. 2:09-cv-01574-JLR, 2011 WL 780876, at *1 (W.D. Wash. Feb. 25, 2011) (granting plaintiff's motion to supplement record with contractual provisions substantiating claim for attorney's fee award, where defendant "had notice of [plaintiff's] argument and access to the Contract Documents in question and is therefore not prejudiced . . . "). Here, in contrast to the cases on which they rely, Plaintiffs have submitted supplemental expert testimony and other evidence *without* prior notice to Defendants or leave of the Court, and with no meaningful opportunity for Defendants to respond.

### III.  CONCLUSION

To prevent undue prejudice to Defendants, the Court should strike Plaintiffs' procedurally improper and belatedly submitted evidence (ECF Nos. 41-1, 41-2, 41-3, 41-4, 41-5, 41-6, 41-8, 41-9, 41-10, 41-11, and 41-12). Alternatively, if the Court is inclined to admit this evidence into the record, Defendants respectfully request an opportunity to respond with rebuttal evidence and argument.

REPLY IN SUPPORT OF STATE DEFENDANTS' AND INTERVENOR-DEFENDANT'S MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

DATED this 29th day of December 2022.

| | |
|---|---|
| ROBERT W. FERGUSON<br>Attorney General<br><br>*s/ Brian H. Rowe*<br>WILLIAM MCGINTY, WSBA #41868<br>R. JULY SIMPSON, WSBA #45869<br>ANDREW HUGHES, WSBA #49515<br>BRIAN HUNT ROWE, WSBA #56817<br>Assistant Attorneys General<br>JEFFREY T. EVEN, WSBA #20367<br>Deputy Solicitor General<br>KRISTIN BENESKI, WSBA #45478<br>First Assistant Attorney General<br>William.McGinty@atg.wa.gov<br>July.Simpson@atg.wa.gov<br>Andrew.Hughes@atg.wa.gov<br>Brian.Rowe@atg.wa.gov<br>Jeffrey.Even@atg.wa.gov<br>Kristin.Beneski@atg.wa.gov<br>*Attorneys for Defendants*<br>*Robert W. Ferguson and John R. Batiste* | PACIFICA LAW GROUP LLP<br><br>*/s Zachary J. Pekelis*<br>ZACHARY J. PEKELIS, WSBA #44557<br>KAI SMITH, WSBA #54749<br>Attorneys at Law<br>zach.pekelis@pacificalawgroup.com<br>kai.smith@pacificalaw.group.com<br>*Attorneys for Intervenor-Defendant*<br>*Alliance for Gun Responsibility* |

REPLY IN SUPPORT OF STATE
DEFENDANTS' AND
INTERVENOR-DEFENDANT'S
MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

# PROOF OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 29th day of December 2022 at Seattle, Washington.

*s/ Brian H. Rowe*
BRIAN HUNT ROWE, WSBA #56817
Assistant Attorney General

REPLY IN SUPPORT OF STATE DEFENDANTS' AND INTERVENOR-DEFENDANT'S MOTION TO STRIKE
NO. 1:22-cv-03093-MKD

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470