Simon Peter Serrano, WSBA No. 54769    HONORABLE MARY K. DIMKE
Austin F. Hatcher, WSBA No. 57449
Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301
(509) 567-7083
pete@silentmajorityfoundation.org
austin@smfjb.org
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

MICHAEL SCOTTT BRUMBACK, an
individual, et al.,

               Plaintiffs,

       v.

ROBERT W. FERGUSON, in his official
capacity as Washington State Attorney
General, et al.,

             Defendants.

NO. 1:22-cv-03093-MKD

JOINT STATUS REPORT

## I.  INTRODUCTION

Pursuant to the Court's Order Denying Plaintiffs' Motion for Injunctive and Declaratory Relief (ECF No. 20), issued on September 25, 2025, ECF No. 59, the Parties met and conferred on October 5, 2023, to discuss a Joint Status Report for the Matter.   The ensuing Report memorializes the Parties' agreement and understanding of the case and ensuing matters and provides separate sections where the parties disagree on controlling matters. Plaintiffs were represented by S. Peter Serrano and Austin F. Hatcher; State Defendants were represented by Andrew

Hughes and William McGinty; County Defendants were represented by Callie Castillo, and Intervenor-Defendants were represented by Zachary J. Pekelis.

The following summarizes the topics the parties discussed, and agreements reached during the October 5, 2023, discussion. The parties request that the Court issue a scheduling order setting the deadlines proposed by the parties below, or, if the Court deems it necessary, set a scheduling conference.

**A. Statement of Nature and Complexity of the Case**

This matter involves a facial challenge to Washington's large capacity magazine ban adopted in 2021 through Engrossed Substitute Senate Bill 5078 (SB 5078). SB 5078 bans the manufacture, importation, distribution, sale, or offering for sale of large capacity magazines (defined as magazines having a capacity exceeding 10 rounds) within Washington, subject to certain exceptions. Plaintiffs contend SB 5078 violates the Second Amendment of the U.S. Constitution, and Article 1, Section 24 of the Washington Constitution. They seek a judgment declaring Washington's law unconstitutional and enjoining its enforcement.

Defendants Robert Ferguson and John R. Batiste and Intervenor–Defendant Alliance for Gun Responsibility dispute Plaintiffs' claims in full.

Defendants Joseph A. Brusic and Robert Udell ("Yakima County Defendants") do not take any position regarding the merits of Plaintiffs' action.

JOINT STATUS REPORT - 2
1:22-cv-03903-MKD
124827.0003/9536690.1

**B. Consent to U.S Magistrate**

The parties do not consent to the case being heard by a U.S. Magistrate Judge.

**C. The existence of any related cases pending in this or other jurisdictions and a proposal for how to handle them**

The parties are aware of one lawsuit presenting a similar challenge to SB 5078. *Sullivan, et al. v. Ferguson, et al.*, No. 3:22-cv-o5403-DGE (W.D. Wash.) raises claims under the Second Amendment, as does this matter.

**D. Service of Process**

Service of process is complete.

**E. Constitutionality of Statute**

The constitutionality of a statute is being challenged.

**F. Certification to State Supreme Court**

None sought.

**G. Deadline for Amending Pleadings**

The Parties agree that the deadline for amending pleadings is November 6, 2023.

**H. Deadline for Adding Parties**

The Parties agree that deadlines for adding parties is November 6, 2023.

## I. Issues for Status/Scheduling Conference

1. Discovery Plan

    **a. Exchange of Initial Disclosures**

    The Parties will exchange Initial Disclosures by October 26, 2023.

    **b. Subjects, timing, and potential phasing of discovery**

    Plaintiffs' Position:

    Plaintiffs believe that discovery should be limited to addressing, as "the Court must insist upon[,]" development of "a historical record demonstrating that the Second Amendment right to the manufacture, import, distribute, sell, or offer for sale of arms." Order at 13:15-19. In other words, discovery should be limited to development of such a record, such that Plaintiffs can demonstrate "the intent of the Framers of the Second Amendment, rooted in history" that such a right exists. *Id.* at 14: 3-4. Plaintiffs understand the Court's directive to "demonstrate[] a historical record adequately supporting their respective positions on the question of whether the Second Amendment covers large capacity magazines." *Id.* at 25:8-10. Finally, Plaintiffs understand that it is their "burden to establish that ESSB 5078 violates the Washington Constitution." *Id.* at 29:2-3. To that end, Plaintiffs believe that discovery should be limited to those

facts necessary for the Parties to address those elements of the Court's Order. Plaintiffs do not believe that discovery need be phased and that it could, and should, close within 90 days of this Court's Order on this Report.

State Defendants' Position:

As *Bruen* itself demonstrates in its detailed, 33-page discussion of firearm carry laws, the historical analysis required by the Court's new text-and-history test requires a detailed study of historical source materials and a close analysis of the historical context in which these materials arose. State Defendants intend to develop the required evidence through expert historian testimony.

Expert testimony and other evidence will also likely be required to help the trier of fact understand the nature, purpose, function, use, and availability of historically regulated weapons and of the large-capacity magazines at issue in this case, which are relevant to whether the regulation of large-capacity magazines falls within the purview of the Second Amendment.

State Defendants also intend to take fact discovery regarding Plaintiffs claims in this matter, including discovery related to their standing, evidentiary matters asserted in their Complaint and other pleadings, and other topics within the scope of Rule 26.

<u>Intervenor-Defendant's Position:</u>

Intervenor-Defendant concurs in State Defendants' position.

<u>Yakima County Defendants Position:</u>

Yakima County Defendants contend they are nominal parties to this action and no discovery should be required of them.

**c.  Protocol for Production of Electronic Discovery**

Plaintiff's discovery requests may include requests for electronically stored information ("ESI"). The parties have agreed to adopt the Model ESI Rules from the Western District of Washington, for the control of ESI, where it is involved.

**d.  Claims of Privilege, Protection of Confidentiality, and Proposed Agreements**

The Parties do not anticipate seeking discovery of information to which claims of privilege or protection may apply. The Parties therefore do not anticipate that procedures for handling the inadvertent production of privileged information and other privilege waiver issues are necessary at this time. If any disputes related to privilege arise, the Parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

2.  <u>Special Procedures</u>

The parties agree that this case is not appropriate for any special procedures. The parties reserve the right to revisit this assessment as the case progresses.

3.  Modification of Standard Pretrial Procedures

The parties agree that no such modification is necessary for this case. The parties reserve the right to revisit this assessment as the case progresses.

4.  Need for Discovery Related Orders

The parties do not believe any discovery related orders are necessary or appropriate at this time.

**J.  Bifurcation**

The parties do not believe any trial of the issues should be bifurcated.

**K.  Anticipated Motions and Suggested Dispositive Motion Filing Deadline**

The parties believe that this matter should be determined upon dispositive motions (e.g. Motions for Summary Judgment). Plaintiffs and Defendants each offer a proposed schedule for dispositive motions in Part O below.

**L.  Trial**

The parties propose that the Court set a trial date after it rules on dispositive motions, if any issues for trial remain. The parties propose that within ten business days after such a ruling, that the parties meet and confer and jointly propose a schedule for completing any remaining pre-trial activities and deadlines.

**M. Dispute Resolution**

The parties agree that this case would not benefit from private mediation.

JOINT STATUS REPORT - 7
1:22-cv-03903-MKD
124827.0003/9536690.1

**N. Related Cases**

The parties are aware of one lawsuit presenting a similar challenge to SB 5078. *Sullivan, et al. v. Ferguson, et al.*, No. 3:22-cv-05403-DGE (W.D. Wash.) raises a claim under the Second Amendment, as does this case, but *Sullivan* does not raise a claim under the Washington State Constitution. Additionally, an *en banc* panel of the Ninth Circuit is hearing an appeal in a Second Amendment challenge to California's large-capacity magazine restriction in *Duncan v. Bonta*, No. 23-55805 (9th Cir.).

**O. Proposed Schedule**

| EVENT | PLAINTIFFS' PROPOSED DEADLINE | DEFENDANTS' PROPOSED DEADLINE |
|---|---|---|
| Initial Disclosures | October 26, 2023 | Agreed |
| Deadline to Add Parties | November 6, 2023 | Agreed |
| Deadline to Amend Pleadings | November 6, 2023 | Agreed |
| Disclosure of expert testimony under FRCP 26(a)(2) | November 9, 2023 | July 19, 2024 |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) | November 13, 2023 | August 19, 2024 |
| Service of Written Fact Discovery | November 6, 2023 | State Defendants believe the Federal Rules of Civil Procedure and Local Civil Rules should govern the service and timing of discovery requests and responses |
| Expert Depositions | December 31, 2023 | State Defendants believe the Federal Rules of Civil |

| EVENT | PLAINTIFFS' PROPOSED DEADLINE | DEFENDANTS' PROPOSED DEADLINE |
|---|---|---|
| | | Procedure and Local Civil Rules should govern the service and timing of discovery requests and responses |
| All motions related to discovery must be filed by | December 13, 2024 | August 19, 2024 |
| Responses to Discovery Motions | December 20, 2023 | The State Defendants believe that the Local Civil Rules should govern the timing for responses to discovery motions |
| Discovery completed by | | September 20, 2024 |
| Dispositive Motions | February 1, 2024 (the Parties may submit such Motions prior to this date, at their discretion) | State Defendants propose a four-brief schedule as follows:<br>• Deadline for Plaintiffs to file Motion for Summary Judgment: October 14, 2024<br>• Deadline for Defendants to file combined Responses and Cross-Motions for Summary Judgment: November 12, 2024<br>• Deadline for Plaintiffs to file combined Reply in support of their |

| EVENT | PLAINTIFFS' PROPOSED DEADLINE | DEFENDANTS' PROPOSED DEADLINE |
|---|---|---|
| | | Motion for Summary Judgment and Response to Defendants' Cross-Motions: December 3, 2024<br>• Deadline for Defendants to file Replies in Support of their Motions for Summary Judgment: December 16, 2024 |
| Responses to Written Fact Discovery | December 6, 2023 | State Defendants believe the Federal Rules of Civil Procedure and Local Civil Rules should govern the service and timing of discovery requests and responses |
| Fact Witness Depositions | December 31, 2023 | State Defendants believe the Federal Rules of Civil Procedure and Local Civil Rules should govern the service and timing of discovery requests and responses |
| Deadline to file motions in limine | | January 10, 2025 |
| Trial Briefs | | January 24, 2025 |
| Deadline to Submit Proposed Pretrial Order | | January 24, 2025 |
| Pretrial Conference | | At the Court's availability |
| Trial | February 2025 | Agreed |

**P.  Date Case will be Ready for Trial**

The trial date would proceed, if necessary, after resolution of the dispositive

Motions addressed in Sections K and O, above, although the Parties agree that the

matter would not be ready for trial, if necessary, prior to February 2025.

**Q. Whether Trial will be Jury or Non-Jury**

Plaintiffs do not anticipate that this matter will go to trial, but should this

matter require a trial, Plaintiffs seek a non-Jury trial.

**R. Number of Trial Days Required**

Plaintiffs anticipate that trial would require no more than 5 days.

Defendants contend that, since all Parties agree that another meet and confer

to plan trial in this matter would be appropriate after the Court rules on dispositive

motions, specifying the number of trial days required at this juncture is premature.

In the alternative, at this time Defendants anticipate trial in this matter will require

no less than 8 court days.

**S.  Trial Counsel Contact Information**

For Plaintiffs:

Simon Peter Serrano, WSBA# 54769
Austin F. Hatcher, WSBA# 57449
Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301
(509) 567-7083
pete@silentmajorityfoundation.org
austin@smfjb.org

For State Defendants Robert W. Ferguson and John R. Batiste:

    R. July Simpson, WSBA #45869
    William McGinty, WSBA #41868
    Andrew Hughes, WSBA #49515
    Assistant Attorneys General
    Kristin Beneski, WSBA #45478
    First Assistant Attorney General
    Washington State Office of the Attorney General
    7141 Clearwater Dr. SW
    PO Box 40111
    Olympia, WA 98504-0111
    (360) 709-6470

For County Defendants, Joseph A. Brusic and Robert Udell:

    Callie A. Castillo, WSBA No. 38214
    LANE POWELL PC
    1420 Fifth Avenue, Suite 4200
    P.O. Box 91302
    Seattle, Washington 98111-9402
    Telephone: 206.223.7000
    Facsimile: 206.223.7107
    castilloc@lanepowell.com

For Intervenor Defendants, Alliance for Gun Responsibility:

    Zachary J. Pekelis, WSBA #44557
    Kai A. Smith, WSBA #54749
    PACIFICA LAW GROUP LLP
    1191 2nd Avenue, Suite 2000
    Seattle, WA 98101
    206-245-1700

///

///

///

///

**T. The dates on which the trial counsel may have complications to be considered in setting a trial date**

Plaintiffs are unavailable for trial on the following dates:
- February 12, 2024
- March 11-22, 2024
- April 1-5, 2024
- April 15-19, 2024

State Defendants' trial counsel are unavailable for trial on the following dates:

- February 2024
- April 8-30 2024
- July 29-August 15 2024
- January 1-January 20, 2025

Yakima County Defendants' trial counsel is unavailable for trial on the following dates:
- February 5-14, 2024
- April 22-May 9, 2024
- July 22-August 2, 2024

Intervenor-Defendant's counsel is unavailable for trial on the following dates:
- December 2–20, 2024
- March 3–14, 2025

STIPULATED TO, DATED AND RESPECTFULLY SUBMITTED this <u>13th</u> day of October, 2023.

BY: <u>*/s/Simon Peter Serrano*</u>
Simon Peter Serrano, WSBA # 54769
Austin F. Hatcher, WSBA # 57449
Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301
(509) 567-7083
pete@silentmajorityfoundation.org
*Attorney for Plaintiffs*

BY: */s/ Andrew Hughes*
R. July Simpson, WSBA #45869
William McGinty, WSBA #41868
Andrew Hughes, WSBA #49515
Assistant Attorneys General
Kristin Beneski, WSBA #45478
First Assistant Attorney General
Washington State Office of the Attorney General
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470
*Attorney for State Defendants*

BY: */s/Callie A. Castillo*
Callie A. Castillo, WSBA No. 38214
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
castilloc@lanepowell.com
Attorneys for Defendants Joseph A.
Brusic and Robert Udell
*Attorney for Yakima County Defendants*

BY: */s/Zachary J. Pekelis*
Zachary J. Pekelis, WSBA #44557
Kai A. Smith, WSBA #54749
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101
206-245-1700
*Attorneys for Intervenor-Defendant Alliance for Gun Responsibility*

JOINT STATUS REPORT - 14
1:22-cv-03903-MKD

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>13th</u> day of October 2023, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this <u>13th</u> day of October 2023.


*/s/Simon Peter Serrano*
Simon Peter Serrano