FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL SCOTT BRUMBACK, an individual; and GIMME GUNS, a sole proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT W. FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; ROBERT UDELL, in his official capacity as the Sheriff for Yakima County, Washington; and JOSEPH A. BRUSIC, in his official capacity as County Prosecutor for Yakima County,<br><br>Defendants,<br><br>ALLIANCE FOR GUN RESPONSIBILITY,<br><br>Defendant-Intervenor. | No. 1:22-cv-03093-MKD<br><br>SECOND BENCH TRIAL SCHEDULING ORDER<br><br>**ECF No. 65** |

Before the Court is the parties' Stipulated Motion to Extend Deadlines, ECF

No. 65. The parties stipulate to a 30-day extension to all case deadlines to

SECOND BENCH TRIAL SCHEDULING ORDER - 1

accommodate additional expert discovery made necessary by Plaintiffs' late disclosures related to one witness. ECF No. 65 at 2. The Court has reviewed the record and the motion and finds good cause to grant the requested extensions. Fed. R. Civ. P. 16(b)(4).

Accordingly, **IT IS HEREBY ORDERED:**

1.    The parties' Stipulated Motion to Extend Deadlines, **ECF No. 65,** is **GRANTED.**

2.    The Discovery Dispute Hearing set for **January 11, 2024,** is **STRICKEN.**

3.  **General Court Procedures**

Pursuant to Fed. R. Civ. P. 16(b)(4), the dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause. Pursuant to Fed. R. Civ. P. 29, the parties may stipulate to other procedures governing or limiting discovery, except the dates set forth in this Order.

Counsel shall review and employ Local Civil Rule (LCivR) 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness To Opposing Party And Counsel).

**2.  Rule 26(a)(1) Exchange**

If not already accomplished, the parties shall disclose their Fed. R. Civ. P. 26(a)(1) material no later than the date indicated in the Summary of Deadlines below.

**3.  Amend Pleadings, Add Parties, and Class Certification**

Any motion to amend the pleadings, add parties, or for class certification shall be filed no later than the date indicated in the Summary of Deadlines below.

**4.  Sealed Documents**

Any and all sealed documents shall be filed by the parties under the sealed event as a sealed document.  The parties are not required to file a separate motion to seal a document.  The parties shall file any objections to a sealed document by **no later than five days** after the filing of the sealed document.  The Court will thereafter review the sealed document and any objections filed to determine whether the document should be unsealed.

Any party filing a sealed document shall email dimkeorders@waed.uscourts.gov to inform the Court of the filing.  The email shall note the ECF number of the sealed document and the general nature of the document.

### 5.  Rule 26(a)(2) Expert Identification and Reports

The parties are cautioned that failure to timely identify experts or provide reports in accordance with Rule 26 and this scheduling order may result in exclusion of such testimony absent good reason.  *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005).  Additionally, Rule 26(a)(2) reports shall be emailed to the court at dimkeorders@waed.uscourts.gov.

#### A.  Plaintiff - Initial Expert Disclosures

Each Plaintiff shall identify its experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than the date indicated in the Summary of Deadlines below.  Each Plaintiff shall also provide dates for which those experts can be available for deposition.  Counsel is required to file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

#### B.  Defendant - Initial Expert Disclosure

Each Defendant and Intervenor shall identify its experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than the date indicated in the Summary of Deadlines below.  Each Defendant and Intervenor shall also provide dates for which those experts can be available for deposition.  Counsel is required to file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

### C.  Plaintiff - Rebuttal Expert Disclosure

Each Plaintiff shall identify its rebuttal experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than the date indicated in the Summary of Deadlines below.  Each Plaintiff shall also provide dates for which those experts can be available for deposition.  Counsel is required to file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

### 6.  Discovery Cutoff

### A.  Generally

All discovery, including depositions and perpetuation depositions, shall be completed by the date indicated in the Summary of Deadlines below ("Discovery Cutoff").  To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely response by the cutoff date.  All interrogatories, requests for production, and requests for admission shall be served on the opposing party by the date indicated in the Summary of Deadlines below.  The parties shall not file discovery, except those portions necessary to support motions or objections.

### B.  Depositions, Interrogatories, Requests for Production and/or Admission

Unless otherwise stipulated, no more than 10 depositions up to seven hours long, may be taken by the plaintiffs, or by the defendants and intervenor, or by third-party defendants.  Fed. R. Civ. P. 30(a)(2)(A), (d)(1).

SECOND BENCH TRIAL SCHEDULING ORDER - 5

1    Unless otherwise stipulated, any one party may serve no more than 25

2    written interrogatories, including discrete subparts, on any other party.  Fed. R.

3    Civ. P. 33(a)(1) advisory committee's note to 1993 amendment (explaining

4    "discrete subparts").

5    Unless otherwise stipulated, any one party may serve no more than 30

6    requests for production, including discrete subparts, on any other party.  LCivR

7    34(d).

8    Unless otherwise stipulated, any one party may serve no more than 15

9    requests for admission, including discrete subparts, on any other party.  LCivR

10    36(c).

11    A party needing relief from these limitations should timely seek relief from

12    the Court by motion.

13    ### C.  Protective Orders

14    Any stipulation or motion for a confidentiality agreement or protective order

15    must be timely filed so as not to delay the discovery process or the Court's

16    deadlines.  If confidential records are attached to court filings, "compelling

17    reasons" must be shown to seal records attached to a dispositive motion and "good

18    cause" must be shown to seal records attached to a non-dispositive motion.

19    *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir.

20    2006).

### D.  Motions to Compel

To avoid wasted time and expense, the parties may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes.  Motions to compel seeking sanctions shall be filed in writing.

All motions to compel discovery must be filed and served no later than **30 days** prior to the Discovery Cutoff.

### 7.  Notice of To-Be-Adjudicated Claims and Affirmative Defenses

Each party shall file and serve a notice no later than **seven days** after the Discovery Cutoff indicating which previously-pleaded claims and/or affirmative defenses will be adjudicated at trial.

### 8.  *Daubert* and Dispositive Motions

### A.  Generally

All *Daubert* motions and dispositive motions shall be filed on or before the date indicated in the Summary of Deadlines below.  Responses and replies to *Daubert* and dispositive motions shall comply with LCivR 7.  No supplemental responses or supplemental replies to any *Daubert* or dispositive motion may be filed without Court permission.

### B.  Summary Judgment Motions

Parties are generally expected to set forth all their arguments in support of summary judgment in a single dispositive motion that conforms with the page

limits set forth in the local rules.  No party shall file multiple, successive, or piecemeal motions for summary judgment without first obtaining leave of the Court.

### C.  Statement of Uncontroverted Facts

The parties shall also file a Joint Statement of Uncontroverted Facts no later than **three days** after filing of the reply with a courtesy copy emailed to dimkeorders@waed.uscourts.gov.

### D.  Notice of Hearing

*Daubert* and dispositive motions shall be noted for hearing at least **50 days** after the date of filing.  The Court, below, reserves a date for a hearing on the parties' anticipated dispositive motions.

### 9.  Certification to the State Supreme Court

No later than the date for filing dispositive motions, the parties must identify any issue of liability or damages which should be certified to the State Supreme Court.

### 10.  Constitutional Challenge

No later than the date for filing dispositive motions, the parties must comply with the procedures contained within Fed. R. Civ. P. 5.1, if the constitutionality of a federal or state statute is called into question.

### 11.  Motion Practice

#### A.  Notice of Hearing

Parties are to comply with LCivR 7(i) when noting motions for hearing.  If oral argument is sought by a party, counsel shall first confer and determine an agreeable hearing date and time, and then contact the Courtroom Deputy at (509) 943-8172 to confirm the Court's availability for the agreed-upon hearing date and time.  All non-dispositive motion hearings shall be conducted by video, unless in-person argument is approved by the Court.  The parties may use cellular phones for telephonic hearings, but not in speaker mode and provided the caller is in an area with adequate cellular service and minimal background noise.  Landline phones may not be used in speaker mode.  All phones must be muted unless addressing the Court.  Dispositive motion hearings in which oral argument has been requested will be set for in-person appearance, unless otherwise directed by the Court.  If the parties seek to request the dispositive motion be heard by video, counsel shall contact the Courtroom Deputy.

#### B.  Motions to Expedite

If there is a need to have a motion heard on an expedited basis, the party must file a motion to expedite and an accompanying memorandum (or declaration) establishing the need for an expedited hearing.  The motion shall be noted for hearing, without oral argument, no earlier than seven days after the filing of the

motion, or two days after the date of filing with prior permission from the Court. Pursuant to local rule, motions (including stipulated motions) may **not** be noted for hearing for the same day they are filed.  *See* LCivR7(i)(2).

### C.  Citing Previously Filed Documents

All references to a previously filed document shall cite to the electronic case filing (ECF) record number and page number within that ECF record, in the following format, "ECF No. __ at __."  Such documents shall not be attached as exhibits.

### D.  Reliance on Deposition Testimony

When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court <u>with the pertinent excerpts</u> of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position.  *See generally* LCivR 56(c).  Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record.  *See Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).

### E.  Supplemental Responses or Replies

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

### F.  Motions to Reconsider

Motions to reconsider are disfavored.  Motions must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier.  The motion shall be noted for expedited hearing without oral argument seven days after it is filed.  No response to a motion for reconsideration need be filed unless requested by the Court.  No motion for reconsideration will be granted without such a request by the Court.

### G.  Decisions on Motions

The parties may call to inquire about the status of a decision on a motion if the Court has not issued an order within **30 days after** the hearing on said motion.

### 12.  Summary of Deadlines

| | |
|---|---|
| Rule 26(a)(1) exchange | **COMPLETED** |
| Deadline to add parties, amend pleadings, and file for class certification | **COMPLETED** |
| Rule 26(a)(2) expert reports produced to other parties and emailed to the Court:<br>    Initial Experts:<br>    Rebuttal Experts: | **COMPLETED**<br>**February 19, 2024** |
| Fact discovery requests served | **70 Days Before Discovery Cutoff** |
| Motions to compel discovery filed | **30 Days Before Discovery Cutoff** |
| **Discovery Cutoff** | **March 15, 2024** |

| Notice of to-be-adjudicated claims and affirmative defenses filed | **March 22, 2024** |
|---|---|
| All *Daubert* motions filed | **March 29, 2024** |
| Dispositive motions<br>    Plaintiffs:<br>    Defendants and Intervenor:<br>    Plaintiffs' Reply:<br>    Defendants' and Intervenor's Reply: | **March 29, 2024**<br>**April 26, 2024**<br>**May 10, 2024**<br>**May 24, 2024** |
| **HEARING ON DISPOSITIVE AND *DAUBERT* MOTIONS** | **June 25, 2024, at 10:00 a.m. in Yakima Courtroom 324** |
| **PRETRIAL CONFERENCE** | ***To be set following ruling on dispositive motions.*** |
| **FINAL PRETRIAL CONFERENCE** | ***To be set following ruling on dispositive motions.*** |
| **BENCH TRIAL** | ***To be set following ruling on dispositive motions.*** |

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED January 10, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

SECOND BENCH TRIAL SCHEDULING ORDER - 12